NEWTON, AS ATTORNEY GENERAL OF THE STATE OF NEW YORK, ET AL. v. CONSOLIDATED GAS COMPANY OF NEW YORK.

SAME v. NEW YORK & QUEENS GAS COMPANY.

SAME v. CENTRAL UNION GAS COMPANY.

SAME v. NORTHERN UNION GAS COMPANY.

SAME v. NEW YORK MUTUAL GAS LIGHT COMPANY.

SAME v. STANDARD GAS LIGHT COMPANY OF THE CITY OF NEW YORK.

SAME v. NEW AMSTERDAM GAS COMPANY.

SAME v. EAST RIVER GAS COMPANY OF LONG ISLAND CITY.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Nos. 750, 751, 752, 753, 832, 833, 844, 845.   Argued April 28, 1922.— Decided May 15, 1922.

1. Conclusions of a master and the District Court that the eighty-cent gas rate fixed by c. 125, New York Laws 1906, had become confiscatory, sustained.  P. 103.  See *Newton* v. *Consolidated Gas Co.*, 258 U. S. 165.
2. In fixing the fees of a master, the District Court, under Equity Rule 68, enjoys a judicial discretion, but subject to review in case of abuse.  P. 104.
3. The compensation of a master should be adequate to the work done, time employed and responsibility assumed—liberal, but not exorbitant; salaries prescribed for judicial officers performing similar duties are valuable guides in fixing it, but a higher rate is generally necessary.  P. 105.
4. *Held,* that the compensation allowed in these cases was excessive. P. 105.
Reversed.

APPEALS from decrees of the District Court holding the gas rate prescribed by New York Laws of 1906, c. 125, unconstitutional, and from supplemental decrees fixing the compensation of a master. See *Newton* v. *Consolidated Gas Co.*, 258 U. S. 165.

*Mr. Harry Hertzoff*, with whom *Mr. Charles D. Newton*, Attorney General of the State of New York, *Mr. Wilber W. Chambers, Mr. John P. O'Brien, Mr. Clarence R. Cummings* and *Mr. James A. Donnelly* were on the briefs, for appellants in Nos. 750 and 751.

*Mr. William Schuyler Jackson*, with whom *Mr. John P. O'Brien* was on the brief, for appellants in Nos. 752 and 753.

*Mr. Judson Hyatt*, with whom *Mr. Charles D. Newton*, Attorney General of the State of New York, *Mr. Wilber W. Chambers, Mr. Clarence R. Cummings, Mr. John P. O'Brien, Mr. James A. Donnelly* and *Mr. Harry Hertzoff* were on the briefs, for appellants in Nos. 832, 833, 844 and 845.

*Mr. John A. Garver* and *Mr. William L. Ransom*, with whom *Mr. Charles A. Vilas* and *Mr. Jacob W. Goetz* were on the briefs, for appellees.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

These are appeals in separate but related causes wherein the Consolidated Gas Company of New York and certain of its subsidiary and affiliated corporations alleged that the maximum selling rate for gas prescribed by c. 125, Laws of New York, 1906, was confiscatory and asked that its enforcement be enjoined.

The principal issues between the original parties in *Newton* v. *Consolidated Gas Co.*, and *Newton* v. *New*

*York & Queens Gas Co.,* were disposed of upon former appeals decided March 6, 1922, 258 U. S. 165, 178. By supplemental decrees the court below undertook to fix the master's compensation. From them appeals Nos. 750 and 751 were taken. They are discussed below.

Appeals Nos. 752, 753, 832, 833, 844 and 845 bring up final decrees which declare the maximum rate prescribed by c. 125, *supra,* confiscatory. Compensation allowed to the master is considered later. Concerning the merits little need be said. In each cause the controverted questions of fact were referred to a master, who took evidence and made reports supporting appellees' claims, and these were confirmed by the court. We are entirely satisfied with the ultimate conclusions; and none of the points relied upon are sufficient to justify general reversals. See *Newton* v. *Consolidated Gas Co., supra.*

The Attorney General and the Public Service Commission of New York were defendants in the eight cases; the District Attorney of New York County was defendant in Nos. 750, 832, 833, 844 and 845; the District Attorney of the County of Bronx in Nos. 752, 753 and 833; and the District Attorney of the County of Queens in Nos. 751 and 845.

By separate orders A. S. Gilbert, Esquire, was appointed master in all of the causes and directed to take proof and report. His compensation and disbursements were determined and allowed by timely decrees entered in December, 1921, after all his reports had come in, and evidently upon a view of the whole litigation. It was also ordered that such sum " shall be paid in the first instance by the complainant and shall be taxed as costs to be paid equally by the defendants." The disbursements are not questioned; but the several allowances for compensation are challenged as excessive and unreasonable.

No appeal has been taken by the Public Service Commission or by any of the gas companies (complainants

below) from the orders touching the matter of compensation.

Detailed statements filed by the master show the nature and responsibility of his duties, the number of hours occupied on specified dates in hearings, preparing opinions, etc., etc., with the equivalent number of days, reckoned at five hours each. It appears: That he was appointed in Newton v. Consolidated Gas Co., May 16, 1919, and by subsequent decrees in the other causes; that 192 days (five hours) were devoted to the cause wherein the Consolidated Gas Co. was complainant—No. 750—and $57,500 allowed as compensation therefor; that 30 days were devoted to the cause wherein the New York & Queens Gas Co. was complainant—No. 751—and $12,500 allowed as compensation; that 22 days were given to cause No. 752 and $12,500 allowed as compensation; 8 days to cause No. 753 and $7,500 allowed as compensation; 9 days to cause No. 832 and $11,500 allowed as compensation; 7 days to cause No. 833 and $7,500 allowed as compensation; 7 days to cause No. 844 and $4,500 allowed as compensation; and 7 days to cause No. 845 and $4,500 allowed as compensation. The eight causes occupied two hundred and eighty-two (282) " days of five hours each based on the average court day in this district "; the total allowed compensation is $118,000. He began to hold hearings July 22, 1919; separate reports were submitted May 6, 1920, July 19, 1920, February 16, 1921, and (the final ones) July 29, 1921. The record in the Consolidated Gas Co. case (No. 750) is very large—20,000 printed pages; in the New York and Queens Gas Co. case (No. 751) it is approximately 2,000 pages, and in the remaining six cases the records contain from 1417 to 2929 pages.

Equity Rule 68 provides—" The district courts may . . . appoint a master *pro hac vice* in any particular case. The compensation to be allowed to every master shall be fixed by the district court, in its discretion, hav-

ing regard to all the circumstances thereof, and the compensation shall be charged upon and borne by such of the parties in the cause as the court shall direct." Discretion within intendment of the rule is a judicial one; it does not extend to arbitrary and unreasonable action; and our review is limited to the question of its improvident exercise.

The value of a capable master's services can not be determined with mathematical accuracy; and estimates will vary, of course, according to the standard adopted. He occupies a position of honor, responsibility and trust; the court looks to him to execute its decrees thoroughly, accurately, impartially and in full response to the confidence extended; he should be adequately remunerated for actual work done, time employed and the responsibility assumed. His compensation should be liberal, but not exorbitant. The rights of those who ultimately pay must be carefully protected; and while salaries prescribed by law for judicial officers performing similar duties are valuable guides, a higher rate of compensation is generally necessary in order to secure ability and experience in an exacting and temporary employment which often seriously interferes with other undertakings. See *Finance Committee of Pennsylvania* v. *Warren,* 82 Fed. 525; 527; *Middleton* v. *Bankers' & Merchants' Tel. Co.,* 32 Fed. 524, 525.

Having regard to these general principles and the special value of knowledge possessed by the trial court, much weight must be given to its opinion. Ordinarily we may not substitute our judgment for its deliberate conclusions, nor interfere with the exercise of its discretion. But when that court falls into error which amounts to abuse of discretion and the cause comes here by proper proceedings, appropriate relief must be granted.

Notwithstanding protracted, painstaking and for the most part excellent services rendered by the master and the large amounts involved in these causes, after viewing

the records and considering the circumstances disclosed, we cannot doubt that the allowances are much too large— certainly twice and three times what they should be. If the time devoted to the entire service—282 days—be accepted as equivalent to one year, the total allowance is fifteen times the salary of the trial judge and eight times that received by justices of this court. It may be compared to the compensation of the Mayor of New York City—$15,000, the salaries of the Governor and members of the Court of Appeals of New York—$10,000, and the $17,500 paid to judges of the Supreme Court in the City of New York. Although none of these can be taken as a rigid standard, they are to be considered when it becomes necessary to determine what shall be paid to an attorney called to assist the court. His duties are not more onerous or responsible than those often performed by judges.

So far as the several decrees undertake to adjudicate the master's compensation they will be reversed and the causes remanded with instructions to fix the same within the following limitations: In the cause wherein the Consolidated Gas Company is appellee here (No. 750) not exceeding $28,750—one-half of the amount heretofore allowed; in each of the other seven causes, Nos. 751, 752, 753, 832, 833, 844 and 845, not exceeding one-third of the amount heretofore allowed therein; and in the eight cases allowances totaling not more than $49,250. Such further action in conformity with this opinion as may be necessary shall also be taken.

Appellants will pay the costs of appeals Nos. 750 and 751 with the right to claim credit therefor upon any judgment hereafter entered against them on account of the master's compensation. The costs in the remaining causes will be taxed against the appellants.

*Reversed.*

MR. JUSTICE CLARKE concurs in the result.