MEMORANDUM ALLOWING COMPENSATION TO TRUSTEE AND COUNSEL
LUHRING, J.
This is a petition of William E. Leahy, trustee, praying for an allowance of compensation to him as attorney for the trustee and as trustee, and also for an allowance of compensation to Edmund M. Toland as attorney for the trustee, and also an allowance for expenses and disbursements incurred by them.
The case as originally filed in this court on the 10th day of February, 1932, was entitled Harold A. Moore, Trustee, plaintiff, v. The Mount Vernon Realty Corporation, et al., defendants. It sought the foreclosure of a mortgage upon the Ebbitt Hotel and the appointment of a receiver pendente lite. William E. Leahy and Edmund M. *90 Toland were the attorneys for the plaintiff, and filed the bill.
Subsequently and on the 17th day of February, 1932, Edward J. Walsh and W. Bissell Thomas were appointed receivers of the property, and qualified and took charge of the hotel on the 18th day of February, 1932. Leahy and Toland continued as attorneys for the plaintiff and actively and successfully opposed the application of the receivers for authority to issue receivers’ certificates. This application was formally denied by the court September 27th, 1932.
On the 28th of November, 1932, one George J. Palmer filed an intervening petition for the removal of Harold A. Moore, the plaintiff trustee, and a rule to show cause was issued on this petition. Leahy and Toland, as attorneys for the plaintiff trustee, filed a motion to discharge the rule and dismiss the intervening petition December 12,1932, and such further proceedings were had as that on the 3rd day of April, 1933, the rule to show cause was discharged.
Harold A. Moore resigned as trustee June 6th, 1933, and Mr. Leahy was appointed trustee to succeed him on the same date. On the 8th day of June, 1933, Mr. Leahy withdrew as the attorney for the plaintiff herein. However, Mr. Toland continued to act as the plaintiff’s attorney.
On the 20th day of June, 1933, Mr. Leahy, as such trustee, was substituted as party plaintiff herein in the place of Harold A. Moore, and the suit from that time to the present has been maintained by him as trustee. Mr. Toland continued to act as the attorney for the plaintiff, Leahy, trustee.
There was a decree of foreclosure August 1st, 1933. Sale was had under this decree September 26th, 1933, and Mr. Leahy, as trustee, became the purchaser of the property for the sum of $120,000.00. This sale was confirmed October 24th, 1933, and Mr. Leahy, as such trustee, upon giving a bond of $150,000.00, was authorized by this court to take *91 charge of the hotel and continue its operation. On this day the receivers relinquished the control of the property to him.
On March 27th, 1935, the court authorized the sale of the property to Mr. and Mrs. George C. Clarke for the sum of $162,550.00 in cash, and a deed was duly executed by Mr. Leahy as trustee conveying the property to them April 1st, 1935.
The net amount realized by the trustee from this sale for the bondholders amounts to $144,374.04.
During the time Mr. Leahy held title to the property as trustee and in his management and operation of the hotel, he collected and disbursed approximately $112,000.00. This covered the period from the 24th day of October, 1933, to. the 1st day of April, 1935, approximately seventeen months. During all of this time Mr. Toland acted as his attorney, and also aided and assisted Mr. Leahy in negotiating a sale of the property.
Section 6 at page 79 of the Trust Deed authorizes payments to the trustee and his attorney for services rendered, and is as follows:
“In case of any suit or proceeding in any way relating to or affecting said mortgaged property, . . . wherein said Individual Trustee, or said bondholders, or any of them, shall be a party or parties, reasonable compensation for services of the Individual Trustee and all court costs and reasonably necessary expenses incurred by the Individual Trustee, including attorney’s fees, . . . shall be allowed to and paid to the said Individual Trustee by the Grantor on demand, and shall be a charge on the mortgaged premises prior and paramount to the bonds hereby secured bv this Indenture, and, wherever possible, shall be provided for in any judgment or decree in such proceeding. . . .”
On July 2,1934, Mr. Leahy, as trustee, and Mr. Toland, as attorney for the trustee, were each allowed the sum of $1,000.00 by this court on account of services rendered.
The petition for compensation was filed April 11th, 1935, and came on for hearing in open court May 2d, 1935. *92 Both Mr. Leahy and Mr. Toland testified as to the nature and extent of the services rendered by them: Mr. Boger J. Whiteford appeared as the attorney for certain of the interveners, as did also Mr. Joseph Low. Mr. Tobriner appeared as the attorney for the Federal-American Company. Counsel for the Committee for the Protection of Holders of First Mortgage Bonds Sold Through American Bond and Mortgage Company addressed a letter to the court, stating in part that “We believe that if the court should find that an aggregate of $10,000 for compensation to the trustee and his counsel is a reasonable sum, neither the committee nor ourselves think such an allowance excessive.” The committee has “on deposit with its depositories $234,800 in principal amount of the First Mortgage Ebbitt Hotel Bonds out of a total issue of $342,000.”
Mr. Whiteford expressed the opinion that Mr. Leahy and Mr. Toland should be allowed $5,000, which, in addition to the compensation of $2,000 already received, would make the total allowance $7,000 for their services. On the other hand, Mr. Tobriner expressed the opinion that allowance of $8,000 should be made, which in addition to the compensation already received, would make $10,000. Both Mr. Leahy and Mr. Toland stated that their services were worth ten per cent of the sale price, or approximately $16,000.
It is frequently a difficult matter for the court to fix fees and make allowances in cases of this sort. Here counsel of experience and ability are quite at variance in their estimate of the value of the services rendered by Mr. Leahy and Mr. Toland. There is very little dispute as to the nature and character of these services. The record shows that the litigation was begun February 10th, 1932, and finally terminated on April 1st, 1935, when the deed conveying the property to the Clarkes was executed and delivered. However, there yet remains the final distribution of the proceeds to the bondholders and those entitled thereto. *93 This distribution must be made by Mr. Leaby before be is finally discharged of his trust.
The Supreme Court of the United States, having before it the allowance to be made to a master in the case of Newton v. Consolidated Gas Co., 259 U. S. 101, said:
“His compensation should be liberal, but not exorbitant. The rights of those who ultimately pay must be carefully protected; and while salaries prescribed by law for judicial officers performing similar duties are valuable guides, a higher rate of compensation is generally necessary in order to secure ability and experience in an exacting and temporary employment which often seriously interferes with other undertakings. ’ ’
For a period of seventeen months Mr. Leahy held, managed and operated this property as the trustee for the bondholders. This involved no little responsibility and much annoying detail. Prior to that, as we have seen, Mr. Leahy was the attorney for the plaintiff Moore, Trustee, and, later, as a substitute trustee, became the plaintiff and maintained the suit through foreclosure and sale. Mr. Toland throughout was the attorney for the plaintiff and, when Mr. Leahy became the purchaser of the property, he acted as his attorney. Some expense has been incurred by them incidental to the services rendered.
The Court has carefully reviewed the record and is of the opinion that fair and reasonable compensation for the services rendered is $6,000 each. This amount to be in full for services rendered and to be rendered, and to cover the incidental expenses.
It is so ordered, and counsel will prepare order allowing Mr. Leahy $6,000 and Mr. Toland $6,000.