**PACIFIC GAS & ELECTRIC CO. v. RAILROAD COMMISSION OF CALIFORNIA et al. (CITY AND COUNTY OF SAN FRANCISCO et al., Interveners).**

No. 3660.

District Court, N. D. California, S. D.

March 26, 1936.

See, also, 13 F.Supp. 931.

Chaffee E. Hall, Charles P. Cutten, Warren Olney, Jr., Allan P. Matthew, and McCutchen, Olney, Mannon & Greene, all of San Francisco, Cal., for plaintiff.

Ira H. Rowell, Roderick B. Cassidy, and Frank B. Austin, all of San Francisco, Cal., for defendants.

John J. O'Toole, City Atty., and Dion R. Holm, Asst. City Atty., both of San Francisco, Cal., for intervener City and County of San Francisco.

C. Stanley Wood, City Atty., and John W. Collier, Deputy City Atty., both of Oakland, Cal., for intervener City of Oakland.

J. Leroy Johnson, City Atty., of Stockton, Cal., for intervener City of Stockton.

Before WILBUR, Circuit Judge, and ST. SURE and LOUDERBACK, District Judges.

ST. SURE, District Judge.

The special master has made application for an order fixing his compensation under Equity Rule 68 (28 U.S.C.A. following section 723) and rule 56 of this court. In his petition he states that "the reasonable value of the service performed, having regard to all the circumstances thereof, is $50,000. The sum of $7,500 has been paid to the Master by the plaintiff" on account, in accordance with an order of this court made on December 5, 1934.

The master's report shows that the present value of plaintiff's property used and useful in the public service is in round figures $112,000,000. Based upon historical cost the commission found the present value to be $105,000,000. At the date of the hearing the amount of the rates in dispute approximated the sum of $4,500,000.

Before the hearing commenced the master was particularly enjoined by the judges

to speed the case. To accomplish this, he immediately withdrew from one employment and associated counsel in other matters pending. Delay was occasioned because of continuances requested by the parties to facilitate negotiations for a compromise. The efforts to compromise failed. Testimony was taken before the master, and the record and the briefs submitted were voluminous. "Summarizing the statement of the time employed, the Master estimates that not less than 285 days were employed by him in the work of the reference, and in addition thereto not less than sixty days was time set apart for the reference but in which he was idle by reason of the parties' unwillingness to proceed."

The master recommends that any compensation allowed to him be ordered charged to plaintiff's operating expenses.

■ The United States Supreme Court, in Newton v. Consolidated Gas Co., 259 U.S. 101, 105, 42 S.Ct. 438, 439, 66 L.Ed. 844, announced a rule by which compensation of officers of the court may well be measured. The Supreme Court said:

"The value of a capable master's services cannot be determined with mathematical accuracy, and estimates will vary, of course, according to the standard adopted. He occupies a position of honor, responsibility, and trust; the court looks to him to execute its decrees thoroughly, accurately, impartially, and in full response to the confidence extended; he should be adequately remunerated for actual work done, time employed, and the responsibility assumed. His compensation should be liberal, but not exorbitant. The rights of those who ultimately pay must be carefully protected; and while salaries prescribed by law for judicial officers performing similar duties are valuable guides, a higher rate of compensation is generally necessary in order to secure ability and experience in an exacting and temporary employment which often seriously interferes with other undertakings."

At a hearing before the court upon this application, the testimony of local counsel, expert in utility matters, was heard. Mr. E. F. Treadwell stated that in his opinion a fee of $35,000 for all services performed would be reasonable; Mr. H. W. Clark said that a fee of $50,000 would be reasonable; Judge Charles Shurtleff favored an allowance of $35,000; Mr. Ira H. Rowell, counsel for the Railroad Commission, thought that a fee of $25,000 would be sufficient, and should be assessed against the utility;

Judge Warren M. Olney, counsel for plaintiff, said that the fee of $50,000 asked was too much, that at the uppermost $35,000 should be allowed, and $25,000 was about the right amount.

■ Under all of the circumstances, we are of the opinion that the proper amount to be allowed as compensation for the master's services upon this application is $17,500, which, added to the sum of $7,500 heretofore allowed on account, makes a total fee for all services of $25,000, the amount which respective counsel for the commission and the utility agreed was fair. Said allowance shall be charged against plaintiff's operating expenses.