## WESTCHESTER FIRE INS. CO. v. BRINGLE.

No. 7069.

Circuit Court of Appeals, Sixth Circuit.

Nov. 11, 1936.

Millsaps Fitzhugh, of Memphis, Tenn. (Fitzhugh, Murrah & Fitzhugh, of Memphis, Tenn., on the brief), for appellant.

W. C. Rodgers, of Memphis, Tenn., for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

Judgment was entered below against the appellant upon an insurance contract issued by United States Merchants Insurance Company for loss by fire of a Fairbanks-Morse Deisel engine. The factual issue was the extent of the loss, but a number of legal questions grow out of the nature of the controversy and others arise from loose practice followed by counsel and permitted by the court.

Suit was originally begun in the state court by bill in equity, in which were joined as defendants Fairbanks-Morse & Co., vendor of the engine, Municipal Acceptance Corporation, assignee of the vendor's sales contract, United States Merchants & Shippers Insurance Company, insurer of the property, and others. The plaintiff's bill counted not only upon his contract of insurance, but alleged a conspiracy on the part of the defendants to keep him from ascertaining the name of the insurer, securing a copy of the policy, and collecting thereon, and sought damages, penalties, and other legal and equitable relief. Fairbanks-Morse & Co., and the United States Merchants & Shippers Insurance Company, on the ground that they were nonresidents and that as to them there was a separable controversy, removed the cause to the United States District Court, where it is said the court ordered it placed upon the law instead of the equity side of the docket. While no order to that effect appears in the record, there is in the amended bill a recital that it is filed in conformity with the court's order requiring the plaintiff to reform his pleadings so as to make his suit one at law instead of in equity. There is also a recital in the report of the standing special master that such order was made, and there is no denial. Without approving the practice of deleting the record, we are content in this instance to treat the case as one at law presented to the court without a jury.

In his amended bill the plaintiff joined the appellant as party defendant, alleging that the latter had assumed all of the obligations of the United States Merchants & Shippers Insurance Company by reason of its merger with or absorption of that company. The defendant pleaded the general issue, and by consent of the parties the cause was referred to a standing master, who received evidence, reported findings of fact and conclusions of law, and awarded damages against appellant alone for the full value of the insured's property, less depreciation, on the theory that the loss was total. Exceptions by the appellant to the master's report were overruled, the master's findings and conclusions adopted, and a judgment ordered in accordance therewith. Thirty-two days later, and after the expiration of the trial term, judgment was entered on motion of the plaintiff, the court declining, however, to direct its entry nunc pro tunc as of the date of decision.

Of our own motion we have considered the power of the court to direct reference to a master in an action at law. While references are unusual, there is no doubt of the inherent power of a federal court to invoke such aid whether the court sits in equity or at law, Ex parte Peterson, 253 U.S. 300, 314, 40 S.Ct. 543, 64 L.Ed. 919, though a compulsory reference with power to determine issues is perhaps impossible because of the Seventh Amendment, United States v. Rathbone, Fed.Cas. No. 16, 121, 2 Paine, 578. References are, however, mainly limited to cases involving complicated questions of fact upon which court or jury may require aid. While no good reason for reference to a master appears in the present case, the issues being comparatively simple, the defendant consented thereto, and must abide by the result if otherwise it should be sustained.

The first question pressed upon us is the failure of proof that the appellant is liable upon a policy issued not by it but by another company. While the averments of the bill that it assumed the obligations of the issuing company through merger or absorption are perhaps sufficiently traversed by the plea, yet the issue does not appear to have been raised in exceptions to the report of the master or to the ruling of the court on such exceptions. No mo-

264

tion for judgment was made by appellant, and no findings of fact were by it proposed. The general exception taken to the judgment does not, we think, preserve the question for review. The case was tried throughout on the theory that the appellant was liable for the loss sustained if any one was.

■ The main issue was one of fact. The plaintiff claimed a total loss. The defendant contended that the loss was partial and that the engine could be rebuilt and made as good as new. The evidence was conflicting. We think the judgment is not to be disturbed, whether we base this upon the rule in equity cases that concurrent findings of master and court are binding upon us in the absence of clear mistake or upon the rule in actions at law that the verdict of the trier of the facts is conclusive if sustained by substantial evidence.

■ The contention that the judgment is invalid because entered after the trial term must be rejected. The court upon ruling on exceptions to the master's report directed the entry of a judgment. In the federal courts entry has been considered for most purposes as merely a ministerial duty of the clerk, though in some jurisdictions it is necessary in order to create a lien or start the running of time to appeal, but lack of entry does not affect the validity of the judgment. Fleischmann Const. Co. v. United States, 270 U.S. 349, 362, 46 S.Ct. 284, 70 L.Ed. 624; In re Ackermann, 82 F.(2d) 971 (C.C.A. 6); Zadig v. Ætna Insurance Co., 42 F.(2d) 142 (C.C.A. 2).

■■ The policy in this case was not a standard form policy, but a special contract similar in terms to a contract for marine insurance. It stated the value of the insured engine to be $7,000. The master found its cost to the plaintiff to have been $7,125.30 in the year 1929, valued it at $7,000 at the date of the policy, and deducted depreciation for one year at the rate of 10 per cent., the engine having been in use for but four months in each of three years. This was within the evidence. The appellant contends that the policy was not a "valued" policy, but a contract of indemnity, and that in the absence of proof of value at the time of the fire the appellant was liable for the cost of repair only. Whether the contract was a valued policy or not seems immaterial. The plaintiff paid $7,125.30. Cost less depreciation is evidence of value. The master found that the fire resulted in total loss, and the court accepted the finding. The judgment was for the fair cash value of the engine, found to be $6,300 at the time of the fire. It will not be reversed.

■ A more meritorious contention, however, is presented in respect to the master's compensation. The reference required two and a half days of testimony. This is not disputed. In addition to the fees of the reporter, which were substantial, the master asked for compensation in the sum of $400 for his own services and $25 as compensation for his personal stenographer, who transcribed his nineteen-page report. Over the appellant's objection, the master's request was allowed, and an order entered requiring the defendant to pay his bill within five days pursuant to Equity Rule 68, 28 U.S.C.A. following section 723. We assume this has been done, since nothing in the record indicates that the order was stayed. The compensation was excessive. It is at the rate of $160 per day. If applied to the whole year the master's compensation would be more than five times the salary of the District Judge. What was said in respect to excessive compensation by the Supreme Court in Newton v. Consolidated Gas Co., 259 U.S. 101, 105, 106, 42 S.Ct. 438, 66 L.Ed. 844, is here applicable. The order of the District Judge is set aside. The remedy that may be invoked by appellant to recover from the master excess compensation already paid is not suggested to us. Doubtless if the master is still an officer of the court a summary order by the District Judge will be sufficient.

The judgment for damages is affirmed. The cause is remanded for further proceedings, including fixing compensation of the special master for his services at their fair and reasonable value, not to exceed the sum of $200, and not to include any amount for services of his personal stenographer.

It is so ordered.