**ALLEN BRADLEY CO. et al. v. LOCAL UNION NO. 3 et al.**

No. 142, Docket No. 20426.

Circuit Court of Appeals, Second Circuit.

Feb. 3, 1947.

See also 145 F.2d 215.

Harold Stern, of New York City (Saul Pearce, of New York City, of counsel), for defendants-appellants.

John Kirkland Clark, of New York City, Special Master in person.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

Most of the facts are stated in the following portions of the district judge's opinion:

"This is an application by a Special Master for an award of compensation for services in addition to the amount theretofore paid to him. The application was brought on by notice of motion in the action in which the Special Master was appointed. An understanding of the issues involved can best be had from a chronological recitation of the salient facts.

"On July 1, 1937, on the request of all parties to the action the court appointed the Special Master whose name was suggested by the parties to hear and determine the issues. The order further provided that 'the reasonable fees of the Master * * * be taxed in accordance with the ultimate result of the suit.' On July 20, 1937, the Special Master took his oath; and the parties then stipulated that the compensation of the Master should be $25 an hour; that

4 2 Cir., 157 F.2d 450.
5 2 Cir., 155 F.2d 23.

6 325 U.S. 283, 65 S.Ct. 1157, 89 L.Ed. 1611.

hearings should consist of five hours a day; and that, for adjourned hearing days, the Master should receive $10.

"On October 14, 1937, hearings began. On March 7, 1940, the hearings were concluded. On May 24, 1940, arguments were concluded and briefs filed. The following statistics are of interest: 400 witnesses were heard; their testimony filled 25,000 pages; 1700 exhibits were received; the briefs were spread over 3,000 pages.

"On October 2, 1941 (one year and four months after final submission) the Master filed his opinion.

"The last payment made to the Master occurred on or about October 8, 1941. The total compensation demanded to that date amounted to $40,960. Payment thereof was made in full. That payment is allocated as follows: for services during the taking of testimony $27,000; for services during the consideration of the matter after conclusion of all hearings, $13,000; for adjourned hearings $960; total $40,960.

"On October 23, 1941, the parties submitted proposed findings of fact and conclusions of law. On November 23, 1942, one year and one month later, the Master filed his findings and conclusions.

"On December 4, 1942, the Master wrote to the attorneys that when he accepted the appointment he understood the matter would occupy about a year, that it had taken a much longer time and that he had suffered a far greater interference with his law practice than he had anticipated; that he had spent very much time on the findings and that 'inasmuch as it would take much longer than I can afford to spend now, to make a review of the hours spent, it has seemed to me fairer if I estimate the total number of hours at 100 which, I have no doubt you will both appreciate, is much less than I have actually devoted and submit a final charge for my services on that basis. If this proposal meets with the approval of you both, I shall appreciate the receipt from each of you of the sum of $1,250 * * *' This payment was not made. On September 23, 1943, a judgment was filed in the action taxing costs against the defendants, including therein the amounts theretofore paid by the plaintiffs to the Special Master. On December 21, 1943, defendants filed a notice of appeal and a stipulation for costs on appeal. On December 31, 1943, the Master caused to be filed in the clerk's office, and served upon the attorneys, a paper denominated a 'certificate' to the effect that in passing upon the findings of fact and conclusions of law he devoted 'in excess of 300 hours and as closely as I can estimate was nearer to 500 hours.' It closed with a prayer that the court make an allowance to the Special Master which was fair and just under the circumstances. This certificate was unaccompanied by any notice bringing the matter on before the court. On May 10, 1944, the Circuit Court of Appeals heard argument on the appeal from the judgment. No decision had been rendered at the time of argument hereon. On July 13, 1944, the Master served a notice of motion on the attorneys which was heard on August 1, 1944, asking for the same relief as that which was set forth in the certificate. It is that motion which is now under consideration. Upon the argument the Master suggested that an additional award of $20,000 would constitute fair compensation for his service.

"By supplemental affidavit the Special Master has supplied the following additional information: For the six years preceding his appointment as Special Master he had an average net income from his law practice of $30,000 per annum. That included $12,000 per annum which he received as President of the State Board of Law Examiners. The gross income of his law firm during the same period averaged $75,000 a year. Six or seven lawyers and five or six clerks were employed by his law firm during the same period. The affidavit does not disclose whether that condition of earnings and employment prevailed during the pendency of the reference."

These additional facts should be noted: The stipulation of July 20, 1937, included a provision that "the Special Master shall render bills from time to time, which shall be payable upon presentation * * *" Up to October 8, 1941, the Master had periodically presented bills for each 40 hours

and had been paid therefor. At the close of the hearings on January 18, 1940, the Master told counsel for both parties that he planned to visit Florida for a few weeks and intended while there to refresh his recollection by reading the testimony; that he estimated that this task would consume about 120 hours; and that, if it met with the approval of both counsel, he would submit his bill for $1,000 at the end of each 40 hours of reading. Counsel for the defendants objected on the grounds that it was unnecessary to read the testimony before the filing of briefs and that his clients would "think it strange for the Special Master to be considering the matter at their expense while he was in Florida." Because of these objections, the Master did not do any work on the matter in Florida. He told counsel for defendants "to forget the whole thing," that he accepted the "suggestions" of defendants' counsel "in the spirit in which they were offered," and assured him that his "position would not reflect against" his "clients" or "himself in any way" in the "decision of the case."

The Master's report, made much later, was adverse to the defendants; 41 F.Supp. 727. So, too, was the district court's decision; 51 F.Supp. 36. That decision was reversed by this court; 145 F.2d 215. The decision of this court was reversed by the Supreme Court; 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed.1939.

The district judge, in his opinion on the Master's motion, now on appeal, for an additional allowance, further said: "On the merits, I am of the opinion that the application should be denied as to services prior to October, 1941.

"1. No authority has been called to my attention which holds that the court may award a Master an amount in excess of that which he agreed to accept as compensation. True, the amount of a Master's compensation is a matter within the court's discretion, but it seems to me that it would be an abuse of discretion to impose a larger burden upon the litigants than was agreed upon, except in most unusual circumstances. * * * No such unusual circumstances have here been revealed. It is noteworthy that the original demand for $2,500 additional compensation has grown to $20,000. I can find no warrant for the requested reappraisal of the value of the services rendered prior to October 8, 1941. In the aggregate the Master has been paid over $40,000 for 267 six hour days (a total of 1,600 hours). That rate of compensation compares favorably with the scale of earnings enjoyed by the Master according to his own affidavit. I cannot assume that during the pendency of the reference his partners and employees were entirely idle. The compensation already paid is as much as is warranted under the principles of Newton v. Consolidated Gas Co., 1922, 259 U.S. 101, 42 S.Ct. 438, 66 L.Ed. 844. While the master may well have suffered from a loss of opportunity to handle other matters during the period when the hearings were in progress, that is approximately to the end of 1939, it can hardly be true during the years 1940, 1941 and 1942, when he was deliberating on his decision and passing on the findings of fact and conclusions.

"2. Neither of the parties has challenged petitioner's initial statement that he devoted at least 100 hours to the reference after October 8, 1941. By their stipulation, the parties agreed that the Master shall be paid at the rate of $25 an hour, and by their conduct they have construed that stipulation to apply not only to hearings but to hours of deliberation. Under the circumstances, I determine that the Master is entitled to additional compensation of $2,500."

From an order entered pursuant to this opinion, allowing the Master an additional $2,500, both defendants and the Special Master appeal.

FRANK, Circuit Judge.

Defendants point to the Master's Florida suggestion as showing grave impropriety on his part, justifying a reversal with directions that he be denied the $2,500 and be required to return a substantial part of the compensation paid for his services up to October 8, 1941. We see no impropriety. The Master need not have asked counsel for their approval of his reading the testimony or of his rendering necessary services (other than at hearings) in Florida, Peru, Africa, Kamchatka, Tierra del Fuego, Tib-

et, or any other spot on the globe. We know of no more basis for limiting the locale of his deliberations than for restricting his diet or amusements.[1]

Without deciding that the stipulated rate bound the district court in any way, we think that, on the facts of record, the court did not err in refusing to increase the compensation already paid or in allowing an additional $2,500.

Affirmed.

---

[1] As other objections made by defendants are even more frivolous, they do not deserve mention.