9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cecil Gary NOBLE, Plaintiff-Appellee,
v.
NATIONAL MINES CORP., Defendant-Appellant.
 Nos. 90-6191, 91-5070.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: MERRITT, Chief Judge; BOGGS, Circuit Judge; and HULL, District Judge.*
 MERRITT, Chief Judge.
 
 
 1
 This appeal arises from a protracted dispute regarding two tracts of land in rural Kentucky. The full facts of the case can be found in Noble v. National Mines Corp., 774 F.2d 144 (6th Cir.1985). In our most recent opinion in this matter, Noble v. National Mines Corp., No. 90.6191/91-5070 (6th Cir. August 14, 1991), we reserved opinion on the issue of whether the District Court erred in requiring the defendant to pay plaintiff's share of the special master's fee after plaintiff claimed he was destitute and could not pay. This matter was referred to the Sixth Circuit's chief settlement attorney, Mr. Robert Rack, in the hope that he could encourage the parties to resolve between themselves the conflict over the special master's fee. Despite Mr. Rack's diligent efforts, we are informed that no resolution of the issue has occurred. Addressing this issue for the first time, we reverse and remand the decision of the District Court to have defendant pay the entire special master's fee.
 
 I.
 
 2
 In the first two appeals in this case, this Court reversed the District Court, at least in part, because plaintiff contended he had further proof to support his claim to title. On the second remand to the District Court, the dispute over the validity of plaintiff's claim to title was referred to a special master, an expert in Kentucky land cases, at the suggestion of both the parties. Before the special master, both parties presented extensive evidence, from surveyors and other experts, regarding their respective claims to title to the disputed tracts. After listening to all the evidence the parties had to offer, the special master, in a thorough and well-reasoned opinion, found that plaintiff's claims to title were inferior to defendant's and accordingly ruled for defendant. The District Court agreed and also found for defendant.
 
 
 3
 Each party initially was required to pay one-half of the special master's fee. Defendant paid its share of the fee. Several months after the parties were ordered to pay their respective share of the fee, it was brought to the attention of the District Court that plaintiff had not paid his share. When the District Court inquired as to why plaintiff had not paid his share of the fee, plaintiff stated that he was destitute, even though at the time he was preparing an appeal to this Court challenging the District Court's ruling on the superiority of title question. The District Court asked plaintiff five questions regarding his income and assets, which plaintiff answered by affidavit. Without making any explicit findings of fact regarding plaintiff's ability to pay his $4000 share of the fee, the District Court ordered defendant to pay as an initial matter all of the special master's fee. Because defendant had earlier been awarded its costs in this case, the District Court increased the amount of defendant's costs by the extra $4000 defendant had to pay.
 
 II.
 
 4
 The determination of which party must pay part or all of the special master's fee is generally within the discretion of the District Court. See Newton v. Consolidated Gas Co., 259 U.S. 101, 105 (1992). Nonetheless, defendant maintains that the District Court abused its discretion as to this issue and, implicitly, that the Court's determination that plaintiff could not pay was clearly erroneous.
 
 
 5
 We agree that the District Court may have abused its discretion and remand for explicit findings of fact as to whether plaintiff is destitute. In particular, the District Court should address the question of how plaintiff could afford to pay his attorney fees for the previous appeal if he was truly destitute as he stated in his affidavit. Furthermore, as was suggested at oral argument, there may be some unnamed party who has an interest in plaintiff winning this lawsuit and who has been paying part, or all, of plaintiff's legal expenses; if such is the case, then the District Court should determine whether that party can be forced to pay plaintiff's share of the special master's fee. Because the services of the special master were needed because plaintiff sought to introduce further evidence regarding his claim to title, we strongly believe that plaintiff should pay his share of the special master's fee. The District Court should conduct a hearing on the matter, marshall plaintiff's assets and require plaintiff to meet his obligations.
 
 
 6
 Accordingly, the District Court's decision regarding defendant's payment of the entire special master's fee is REVERSED. On remand, plaintiff or some interested third party, if applicable, should be made to pay plaintiff's $4000 share of the special master's fee if at all possible.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge for the United States District Court for the Eastern District of Tennessee, sitting by designation