Terri Lee HALDERMAN, et al., Plaintiffs,

v.

PENNHURST STATE SCHOOL AND HOSPITAL, et al., Defendants.

Civ. A. No. 74–1345.

United States District Court, E.D. Pennsylvania.

June 2, 1994.

Judy Gran, PILCOP, Charlotte Nichols, Claudia Huot, Law Dept., Philadelphia, PA, for City of Philadelphia.

David Ferleger, Philadelphia, PA, for plaintiffs.

Jerome J. Shestack, Zachary Grayson, Barry M. Klayman, Wolf, Block, Schorr & Solis–Cohen, Philadelphia, PA, for Com.

Doris Leisch, Office of DPW, Philadelphia, PA, Robert Stern, U.S. Dept. of Justice, Sp. Litigation, Washington, DC, for U.S.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In 1987, plaintiffs filed a contempt motion against defendants' County of Philadelphia

748

("County") and Commonwealth of Pennsylvania ("Commonwealth"). In 1990, all parties to this action, including both the County and the Commonwealth, agreed to the appointment of a Special Master to investigate and evaluate the level of defendants' compliance with this Court's Order of April 5, 1985 ("Court Decree"). As detailed in prior opinions of this court, *see, e.g., Halderman, et al. v. Pennhurst State Sch. & Hosp., et al.,* 154 F.R.D. 594 (E.D.Pa.1994), the Court Decree required the defendants to provide community living arrangements, minimally adequate habilitation and other services to the approximately 600 mentally retarded *Pennhurst* class members. Plaintiffs charged in their contempt motion that the defendants were not meeting their obligations under the Court Decree. The parties specifically agreed to the appointment of Dr. Sue A. Gant, Ph.D. to serve as Special Master. Accordingly, the Court appointed Dr. Gant to the position pursuant to Rule 53 of the Federal Rules of Procedure and ordered that she file a report with the Court detailing her findings. Dr. Gant filed her report in 1991. The contempt matter was not litigated, however, until December 1993. In preparation for the contempt hearing, the Court ordered the Special Master to update her 1991 report as well as to be prepared to testify at the hearing. The Special Master updated her 1991 report; she also was present for and did testify at the contempt proceedings. She now submits a statement for her fees and expenses incurred in connection with those proceedings.

The Special Master requests a total of $124,018.96 ($100,087.00 in fees and $23,-931.96 in expenses) for the period September 7, 1993 through May 6, 1994. The defendants filed objections to the Special Master's statement, and the Court held a hearing on May 6, 1994 to hear those objections and take evidence regarding the reasonableness of the Special Master's fees.

■ The allocation and rate of compensation of the fees and expenses of a Special Master is a matter within the discretion of the district court. *Newton v. Consolidated Gas Co. of New York,* 259 U.S. 101, 105, 42 S.Ct. 438, 439, 66 L.Ed. 844 (1922). As a

benchmark, however, the Supreme Court has stated that such fees and expenses must be reasonable. *Id.* There are approximately 600 class members in this case who live and work at various sites within the City of Philadelphia. The defendants have a number of different obligations to the class, and their compliance varies as to each individual class member. In order to determine the level of defendants' noncompliance, the Special Master interviewed class members, staff members who care for them, and County and Commonwealth employees who are responsible for funding and administering services to class members. In addition, she toured various class member sites in Philadelphia, researched and evaluated class members' medical and habilitation records, and analyzed County and Commonwealth records and monitoring reports. She spent a total of 1038.4 hours on this activity, including travel time. The amount of hours expended by Dr. Gant is reasonable, given the complexity of this case and the extensive fact-finding required to update the Court in preparation for the contempt proceedings.

■ The defendants have voiced two objections to the amount of hours expended by the Special Master. First, they assert that she should not be compensated for 87.7 hours spent reviewing and notating trial transcripts of the contempt proceedings. They maintain these hours were unnecessary, because the Special Master was present in court to hear such testimony. The Court finds, however, that the challenged hours were reasonably spent in connection with the contempt case. Counsel for the Commonwealth told Dr. Gant in open court at the beginning of the proceedings that she would be called as a witness to give an updated and detailed opinion of the defendants' level of compliance *based on evidence presented in court.* To perform the obligation imposed upon her by the Commonwealth defendant, Dr. Gant was required to, and did, keep meticulous notes of all of the evidence she heard with respect to each class member. Moreover, because the defendants stipulated during the contempt proceedings that they were not in compliance with respect to some portions of the Court Decree, Dr. Gant was under the reasonable

impression that her services would be needed after the hearings to further monitor defendants' compliance. Thus, it was necessary for her to keep careful track of defendants' compliance activities, which were brought out through the evidence. Dr. Gant's use of trial transcripts was reasonable and necessary for all of these reasons. Accordingly, the Court will allow all of these hours as well as the $2,110 spent by the Special Master to purchase the trial transcripts.

■ Defendants' second objection is that the Special Master should not be compensated for 2.4 hours spent in meetings with plaintiffs' attorneys regarding her fees and expenses. The defendants view these hours as unnecessary. The Court agrees with the defendants and will disallow these hours, which total $240.00.

■ Defendants have not challenged the Special Master's hourly rate for professional services, which is $100 per hour. They have voiced objection, however, to the fact that she charged a professional, rather than a clerical, rate for 14.5 hours spent duplicating or faxing documents and making travel arrangements. At the hearing on fees, the Special Master agreed to a reduction in her hourly rate for these hours from $100 per hour to $15 per hour. The Court finds $15.00 to be a reasonable rate for these services. The Court has calculated the difference to be a total of $1232.50 and will deduct this amount in arriving at the final award.

■ With respect to the Special Master's expenses, defendants object to $10,430 expended for data entry, typesetting, layout and design of exhibits and other materials for the contempt proceedings. Gant's company, Gant, Yackel & Associates, Inc. Computer Services, performed these services. Defendants contend that this charge was "unnecessary and excessive." Dr. Gant explained at the hearing on fees and expenses that the amount of the charge was substantially less than the prevailing market rate for such work. She also testified that the services were necessary to a clear presentation of her evidence in court. She said that there was an extensive amount of data on class members and defendants' compliance and that some of it was best understood in chart or graph format. The Court finds this out of pocket expense was necessary and reasonable. During the contempt proceedings, the parties deluged the Court with thousands of pages of documents. The Special Master sifted through this and other material she had independently obtained and digested it into a format that made it comprehensible. Her charts and graphs assisted the Court to better understand the evidence and to frame a remedy that best suited class members. For this reason, the expense for computer and design services will be included in the final award.

Defendants also challenge a meal expense in the amount of $53.00 as being inadequately documented. The Court finds that $26.50 of this charge was reasonable and will disallow the remainder from the final award.

Finally, the Commonwealth defendant objects to the $.25 charge per page for photocopying of documents as being unreasonably high. The Court agrees with the defendant and will reduce the charge per page to $.20. The difference is $27.50, which the Court will deduct from the final award.

The last issue concerns allocation of the Special Master's expenses. The Commonwealth defendant objects to paying any portion of the Special Master's fees and expenses and further asserts that the Special Master had "significant, undisclosed conflicts of interest with plaintiffs' counsel that should have precluded her appointment and continuing service as Special Master in this case." Def.'s Mem. Opp'n. Fees & Costs at 1. The conflict of interest charge is specious at best. Defendants have presented this Court with absolutely no evidence to substantiate such a contention. Therefore, the Court rejects defendant's argument.

The Commonwealth also maintains that it should not be required to pay the Special Master's fees and expenses because it is the less culpable defendant. The Commonwealth voiced this same objection in connection with plaintiffs' attorney fee applications. The Court rejected defendant's argument then, *see Halderman, et al. v. Pennhurst State Sch. & Hosp., et al.,* No. 74-1345, slip op. at

23–24, —— F.Supp. ——, —— – —— (E.D.Pa. May 25, 1994), as it does now. The Court will not repeat its reasoning except to reiterate that the Opinion issued by this Court on March 28, 1994 in connection with the contempt motion explicitly states that the County and Commonwealth are equally culpable contemnors. *Halderman, et al.,* 154 F.R.D. 594, 608 (E.D.Pa.1994). For this reason, each defendant shall be required to pay one-half of the Special Master's fees and expenses as follows:

```
Against the County
    Special Master fees............... $ 49,320.00
    Special Master expenses ......... $ 11,926.03
        total.......................... $ 61,246.03

Against the Commonwealth
    Special Master fees............... $ 49,320.00
    Special Master expenses ......... $ 11,926.03
        total.......................... $ 61,246.03

Total Against County and Common-
wealth ............................ $122,492.06
```