**UNITED STATES of America, Appellee,**

v.

**Joseph A. MAY, Appellant.**

**No. 94–2831.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1995.

Decided Oct. 12, 1995.

Appellant, pro se.

Robert E. Lindsay, Washington, DC (Alan Hechtkopf and Scott A. Schumacher, Loretta C. Argrett, Assistant Attorney General, Washington, DC, on the brief), for appellee.

Before LOKEN, HANSEN, and MURPHY, Circuit Judges.

LOKEN, Circuit Judge.

Joseph A. May pleaded guilty to willfully failing to file income tax returns in violation of 26 U.S.C. § 7203. That statute provides that a violator "shall be fined not more than $25,000 ... or imprisoned not more than 1 year, or both, together with the costs of prosecution." May appeals the district court's order assessing costs of prosecution in the amount of $16,263.50. The assessment of costs of prosecution is part of May's punishment and therefore appealable. *See United States v. Hiland*, 909 F.2d 1114, 1141–42 (8th Cir.1990). The principal issue on appeal is whether the court erred by including fees charged by court-appointed mental health experts. Because the government paid these experts without obtaining prior court approval, we remand for further proceedings.

Following May's indictment, the district court concluded that May might be incompetent to stand trial and ordered him to undergo a psychiatric examination. Although this examination could have been done—and in our view should have been done—at the Federal Medical Center in Springfield, Missouri (FMC), the court ordered that May be examined by Dr. Stanton L. Rosenberg, a local psychiatrist, at least in part because May preferred a local examination so that he could continue his practice of dentistry.

Dr. Rosenberg and his associate, psychologist Richard Sweetland, examined May and opined he was mentally "incapable" of standing trial. May's standby counsel then re-quested a second psychiatric evaluation at FMC. When FMC staff psychiatrist Christina A. Pietz disagreed with Dr. Rosenberg and Dr. Sweetland, the district court held a further competency hearing at which all three mental health professionals testified. On the last day of that hearing, May admitted he had been feigning incompetency. The court then found May competent to stand trial. His guilty plea followed.

After sentencing, the government filed a bill of costs of $16,263.50, including $8,700 for Dr. Rosenberg and $5,508.50 for Dr. Sweetland. When May objected to those charges, the government filed affidavits by Dr. Rosenberg and Dr. Sweetland detailing their fees and expenses, and advised that it had already paid their invoices. The district court ordered May to pay the entire bill of costs, explaining that "the number of hours expended by Dr. Rosenberg and Dr. Sweetland were reasonable," and "it was not unreasonable for Dr. Rosenberg and Dr. Sweetland to charge at the 'in court' rate for the time spent in court listening to the testimony of Dr. Pietz and waiting for the court to conclude unrelated matters." The court conditioned May's supervised release on his payment of these costs of prosecution.

On appeal, May challenges the assessed costs of prosecution as unreasonable.[1] He argues that he is financially unable to pay, and that the mental health experts' fees were attributable to the prosecution's blunders.

Costs of prosecution must be included in the punishment imposed for a violation of 26 U.S.C. § 7203. *See United States v. Wyman*, 724 F.2d 684, 688 (8th Cir.1984). It is well settled that costs of prosecution are those costs that a federal court may tax in a civil action. *See Hiland*, 909 F.2d at 1142; *United States v. Dunkel*, 900 F.2d 105, 108 (7th Cir.1990), *vacated on other grounds*, 498 U.S. 1043, 111 S.Ct. 747, 112 L.Ed.2d 768 (1991); *United States v. Vaughn*, 636 F.2d 921, 922 (4th Cir.1980). Those costs are specifically enumerated in 28 U.S.C. § 1920 and include "[c]ompensation of court appointed experts," § 1920(6). Dr. Rosenberg and Dr. Sweetland were court-appointed experts.

---

1. May also argues *pro se* that we should remedy an alleged embezzlement by his attorney's paralegals, but we have no jurisdiction to take up that subject.

*See* 18 U.S.C. §§ 4241(b), 4247(b). Thus, May must pay their reasonable compensation as part of the costs of prosecution. The record belies his assertions that the government failed to verify its bill of costs, and that assessing costs of prosecution violated his plea agreement. And given May's elaborate competency charade, concocted to evade criminal charges, his assertion that the prosecution was to blame for incurring the costs of mental health experts is absurd.

We nonetheless have substantial misgivings about the expert fees assessed as costs of prosecution. Federal Rule of Evidence 706(b) provides that court-appointed expert witnesses "are entitled to reasonable compensation *in whatever sum the court may allow.*" (Emphasis added.) Yet the government paid the full fees charged by Dr. Rosenberg and Dr. Sweetland without obtaining court approval, treating them as prosecution expert witnesses, whose fees may not be taxed under 28 U.S.C. § 1920, *see West Virginia Univ. Hosp., Inc. v. Casey,* 499 U.S. 83, 87, 111 S.Ct. 1138, 1141, 113 L.Ed.2d 68 (1991), rather than as court-appointed experts. And there is no indication in the record that the district court reviewed these experts' invoices with the careful scrutiny required before a court-appointed expert's compensation may be approved.

■ Cases applying Rule 706(b) have not specified how a court-appointed expert's compensation should be determined. But there are relevant standards elsewhere in federal law. For example, the Bankruptcy Code describes the factors a court must consider in determining the reasonable compensation of bankruptcy trustees, examiners, and other professionals; those factors include "the nature, the extent, and the value of such services, taking into account all relevant factors." 11 U.S.C. § 330(a)(3). In determining reasonable compensation for special masters appointed under Fed.R.Civ.P. 53, a court should consider factors such as time necessarily spent, thoroughness of the services, importance of the matter, and the assistance provided to a final disposition of the issues referred. *See* 5A James W. Moore, *Moore's Federal Practice* ¶ 53.04[1], at p. 53–29 (2d Ed.1995). *See also Newton v. Consolidated Gas Co.,* 259 U.S. 101, 105–06, 42 S.Ct. 438, 439, 66 L.Ed. 844 (1922).

■ Here, Dr. Rosenberg and Dr. Sweetland failed to detect May's fraudulent claim of incompetency. FMC's Dr. Pietz expressed a contrary view, necessitating another court hearing. Dr. Rosenberg and Dr. Sweetland then billed the government $300 and $250 per hour, respectively, to attend that hearing, the result of which was to expose their incorrect competency assessment. We find no indication that the district court critically assessed the nature, extent, and value of these services, the rates charged in light of the value of the services, and the assistance rendered to the court by the experts. That Rule 706(b) inquiry must now be undertaken.

■ On remand, if the district court determines that the government prematurely overpaid the court-appointed experts, the court must order Dr. Rosenberg and Dr. Sweetland to refund the unreasonable portion of the fees paid. The court should then order May to pay the remaining costs of prosecution, including whatever court-appointed expert fees the court has approved. However, there is an additional issue in this regard. May asserts that he is financially unable to pay costs of prosecution. Although such a claim should be viewed most skeptically, 26 U.S.C. § 7203 treats costs of prosecution as a fine, and a defendant's ability to pay must be considered in determining the amount of a criminal fine. *See United States v. Bauer,* 19 F.3d 409, 412–13 (8th Cir.1994).

The district court Order Assessing Costs of Prosecution dated July 8, 1994, is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.