_____

No. 96-1105
_____

Joseph A. May,                            *
                                          *
            Appellant,                    *
                                          * Appeal from the United States
    v.                                    * District Court for the
                                          * Western District of Missouri.
United States of America,                 *
                                          *         [UNPUBLISHED]
            Appellee.                     *


_____

                    Submitted:  July 23, 1996

                        Filed:  August 1, 1996
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
_____

PER CURIAM.


    Joseph A. May appeals from the district court's order denying his 28
U.S.C. § 2255 motion to vacate his sentence.  We affirm.


    Pursuant to a written plea agreement, May pleaded guilty to willfully
failing to file income tax returns, in violation of 26 U.S.C. § 7203.  On
direct appeal, May challenged the district court's order assessing the
costs of prosecution against him.  We remanded for further proceedings,
because the costs included fees the government had paid to court-appointed
mental health experts without first obtaining the district court's
approval.  See United States v. May, 67 F.3d 706, 707 (8th Cir. 1995).


    In his section 2255 motion, May argued that the assessment of tax
fraud penalties against him following his criminal indictment for the tax
charges posed a double jeopardy bar to his punishment

in the criminal proceeding.  After de novo review, <u>see</u> <u>United States v. Duke</u>, 50 F.3d 571, 576 (8th  Cir.), <u>cert. denied</u>,  116 S. Ct. 224 (1995), we conclude that the district court correctly denied relief.  In his plea agreement, May agreed to plead guilty to the tax charges, acknowledged his liability for the resulting criminal penalties, and further agreed to pay the previously-assessed tax penalties.  <u>See</u> <u>United States v. Fritsch</u>, 891 F.2d 667, 668 (8th Cir. 1989) (defendant who voluntarily and explicitly exposes himself to specific sentence may not challenge punishment on appeal).  In any event, we agree with the government that May has failed to show cause and prejudice, or a fundamental miscarriage of justice, excusing his failure to raise the double jeopardy claim on direct appeal. <u>See</u> <u>Ramey v. United States</u>, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam).


        Accordingly, we affirm.

        A true copy.

            Attest:


                CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.