92 F.3d 1189
 78 A.F.T.R.2d 96-5895, 96-2 USTC P 50,659
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Joseph A. MAY, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 96-1105.
 United States Court of Appeals, Eighth Circuit.
 Submitted July 23, 1996.
Decided: Aug. 1, 1996.
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph A. May appeals from the district court's order denying his 28 U.S.C. § 2255 motion to vacate his sentence. We affirm.
 
 
 2
 Pursuant to a written plea agreement, May pleaded guilty to willfully failing to file income tax returns, in violation of 26 U.S.C. § 7203. On direct appeal, May challenged the district court's order assessing the costs of prosecution against him. We remanded for further proceedings, because the costs included fees the government had paid to court-appointed mental health experts without first obtaining the district court's approval. See United States v. May, 67 F.3d 706, 707 (8th Cir.1995).
 
 
 3
 In his section 2255 motion, May argued that the assessment of tax fraud penalties against him following his criminal indictment for the tax charges posed a double jeopardy bar to his punishment in the criminal proceeding. After de novo review, see United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 116 S.Ct. 224 (1995), we conclude that the district court correctly denied relief. In his plea agreement, May agreed to plead guilty to the tax charges, acknowledged his liability for the resulting criminal penalties, and further agreed to pay the previously-assessed tax penalties. See United States v. Fritsch, 891 F.2d 667, 668 (8th Cir.1989) (defendant who voluntarily and explicitly exposes himself to specific sentence may not challenge punishment on appeal). In any event, we agree with the government that May has failed to show cause and prejudice, or a fundamental miscarriage of justice, excusing his failure to raise the double jeopardy claim on direct appeal. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir.1993) (per curiam).
 
 
 4
 Accordingly, we affirm.