# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2899

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| James D. Tindall, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 21, 2000

Filed: June 30, 2000

_____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

A jury convicted James D. Tindall of one count of filing a false tax return in violation of 26 U.S.C. § 7206 (1994), and Tindall now appeals his sentence. Having carefully reviewed the record and the parties' briefs, we affirm in part, reverse in part, and remand.

First, the district court did not commit error by enhancing Tindall's sentence for failing "to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity," U.S. Sentencing Guidelines Manual (U.S.S.G.) §

2T1.1(b)(1) (1998); for using sophisticated means to conceal his offense, see id. § 2T1.1(b)(2); United States v. Brooks, 174 F.3d 950, 958 (8th Cir. 1999); for abusing his position of trust, see U.S.S.G. § 3B1.3; United States v. Lilly, 37 F.3d 1222, 1226-27 (7th Cir. 1994); and for obstructing or impeding the administration of justice during his case, see U.S.S.G. § 3C1.1; United States v. O'Dell, 204 F.3d 829, 836-37 (8th Cir. 2000).

Second, the district court properly concluded the imposition of the costs of prosecution on Tindall was mandatory under § 7206, which provides that a person convicted of filing a false tax return "shall be fined not more than $100,000 . . ., or imprisoned not more than 3 years, or both, together with the costs of prosecution." See United States v. May, 67 F.3d 706, 707-08 (8th Cir. 1995) (language of 26 U.S.C. § 7203, which is identical to § 7206, provides costs of prosecution are mandatory); United States v. Wyman, 724 F.2d 684, 688-89 (8th Cir. 1984) ("Under our interpretation of [§ 7203], the trial court has discretion to impose either a fine or imprisonment or both but the trial court does not have discretion to fail to award costs [of prosecution]"); United States v. Jungels, 910 F.2d 1501, 1504 (7th Cir. 1990) (per curiam) ("imposition of costs [of prosecution] under . . . [§] 7206 is mandatory").

Finally, Tindall correctly contends the district court failed to consider his ability to pay the costs of prosecution as required by our decision in May. In May, a panel of this court stated:

> The assessment of costs of prosecution is part of [a defendant's] punishment . . . . Although . . . a claim [of financial inability to pay costs of prosecution] should be viewed most skeptically, . . . § 7203 treats costs of prosecution as a fine, and a defendant's ability to pay must be considered in determining the amount of a criminal fine.

May, 67 F.3d at 707, 708; see U.S.S.G. § 5E1.2(d)(2) ("In determining the amount of the fine, the court shall consider . . . any evidence presented as to the defendant's ability

to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources").  Although the Government argues the May decision "is quite simply wrong" (Appellee's Br. at 43), we are bound by the earlier panel's decision unless and until that decision is overruled by the en banc court.  Because the district court made no finding concerning Tindall's ability to pay the costs of prosecution as required by May, we reverse the portion of Tindall's sentence assessing costs of prosecution and remand to the district court for a finding on that issue.  If the district court finds Tindall is able to pay the costs of prosecution, the court may reinstate the judgment.  If the district court finds Tindall is unable to pay the costs of prosecution, however, the court must reconsider that portion of Tindall's sentence in light of May.

We thus affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.