**UNITED STATES of America, Appellee,**

v.

**Leslie Ronald DeCOTEAU, Appellant.**

**No. 80–2191.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 13, 1981.

Decided May 19, 1981.

Thomas B. Jelliff, Grand Forks, N. D., for defendant-appellant.

James R. Britton, U. S. Atty., Fargo, N. D., for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Leslie Ronald DeCoteau appeals from his conviction of two counts of assault with a dangerous weapon, alleging a denial of compulsory process because of failure of the United States Marshal to serve subpoenas on seven prospective defense witnesses. We affirm for the reasons stated below.

DeCoteau was charged with the offenses of which he was later convicted under a grand jury indictment filed July 30, 1980. Counsel was appointed for him on August 26, 1980. A jury trial was scheduled for October 30, 1980. On the afternoon of October 29, 1980, DeCoteau moved to have nine witnesses subpoenaed on his behalf at government expense pursuant to Federal Rule of Criminal Procedure 17(b). The trial judge was at that time advised by the Unit-ed States Marshal's office that due to the timing of the request the only way to locate the witnesses in time for trial would be to contact the Bureau of Indian Affairs and ask them to locate the witnesses and bring them in. Trial began as scheduled on the 30th. That afternoon the trial judge was informed by the United States Marshal that the Bureau of Indian Affairs had been unable to locate any of the witnesses. DeCoteau then requested a continuance until 2:00 p. m. the following day to allow further time to locate the witnesses. The trial court granted a continuance until 9:00 a. m. the following morning. Two of the witnesses were located overnight and appeared at trial the following morning. The remaining witnesses were apparently never located or served. The record contains no further objection by defense counsel to the failure to locate and serve the defense witnesses.

On appeal DeCoteau contends that he was denied a fair trial because the trial court refused to grant him sufficient time to procure the attendance of witnesses by compulsory process. We disagree. As this court recently stated in *United States v. Gilliss*, 645 F.2d 1269 (8th Cir. 1981), "[c]ompulsory process under Fed.R.Crim.P. 17(b) is not an absolute right but, like many other trial decisions, is a matter committed to the sound discretion of the trial court." *See also United States v. Morris*, 451 F.2d 969 (8th Cir. 1971). Here the trial court saw fit to grant the Rule 17(b) motion and to grant a continuance until the next day so that a second attempt might be made to locate the witnesses. The trial court found that it could not justify the granting of further continuances for this purpose. Whether the denial of a continuance is arbitrary enough to violate due process depends on the circumstances of the case. *United States v. Bernhardt*, 642 F.2d 251 (8th Cir. 1981). It appears from the record that the defendant had ample time prior to trial to request service of witnesses. The fact that he did not do so until the day before trial suggests a lack of diligence in preparing for trial. *See Bernhardt, supra*, 642 F.2d at 252. We

find that under the circumstances of this case the trial court did not abuse its discretion in refusing to grant further continuances. The conviction is affirmed.