Accordingly, we affirm the judgment of the bankruptcy court.

UNITED STATES of America, Appellee,

v.

Michael J. WYMAN, Appellant.

No. 83–1551.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1983.

Decided Jan. 10, 1984.

Edward D. Hotz of Hotz, Kizer & Jahn, P.C., Omaha, Neb., for appellant.

Ronald D. Lahners, U.S. Atty., D. Neb. and Bernard J. Glaser, Jr., Asst. U.S. Atty., D. Neb., Omaha, Neb., for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and NICHOL,* Senior District Judge.

NICHOL, Senior District Judge.

Appellant Wyman appeals from the judgment and sentence of the district court[1] following his conviction by a jury on two counts of willful failure to file income tax returns in violation of 26 U.S.C. section 7203 and two counts of willfully supplying false and fraudulent withholding exemption certificates (W–4's) in violation of 26 U.S.C. section 7205. The court sentenced Wyman to one year imprisonment with the sentence suspended on condition that he be incarcerated in a local jail for thirty days, followed by a three year probationary period. The court further ordered Wyman to pay the costs of prosecution.[2]

Prior to trial, the court granted Wyman's motion to proceed in forma pauperis. At trial, Wyman proceeded pro se. At Wy-

---

* The Honorable Fred J. Nichol, Senior District Judge, District of South Dakota, sitting by designation.

1. The Honorable C. Arlen Beam, United States District Judge for the District of Nebraska.

2. The prosecution submitted a Bill of Costs totaling $3,470.45. Defendant objected. The trial court stated that it had been deprived of jurisdiction by this appeal and did not rule on the objection. The execution of judgment has been stayed pending this appeal.

man's request, the court appointed counsel prior to sentencing.

Wyman appeals on the grounds that (1) the trial court erred in denying his request to subpoena witnesses under Fed.R.Crim.P. 17(b) and (2) that the trial court erred in taxing costs of prosecution under 26 U.S.C. section 7203 against a defendant who was proceeding in forma pauperis. We find Wyman's arguments on this appeal to be without merit and, therefore, we affirm the trial court.

I. *The Denial of the Rule 17(b) Motion.*

Fed.R.Crim.P. 17 provides in part:

(b) Defendants Unable to Pay. The court shall order at any time that a subpoena be issued for service on a named witness upon an ex parte application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense.

■■■ This court has dealt with the implementation of Rule 17(b) on many occasions. The trial court has wide discretion in deciding whether to grant or deny a Rule 17(b) motion.[3] *Reistroffer v. U.S.,* 258 F.2d 379 (8th Cir.1958), *cert. denied,* 358 U.S. 927, 79 S.Ct. 313, 3 L.Ed.2d 301 (1959), *rehearing denied,* 361 U.S. 856, 80 S.Ct. 42, 4 L.Ed.2d 96 (1959). Compulsory process under Fed. R.Crim.P. 17(b) is not an absolute right but, like many other trial decisions, is a matter committed to the sound discretion of the trial court. *U.S. v. DeCoteau,* 648 F.2d 1191 (8th Cir.1981); *U.S. v. Gilliss,* 645 F.2d 1269 (8th Cir.1981); *Slawek v. U.S.,* 413 F.2d 957 (8th Cir.1969). The burden of proving the necessity of Rule 17(b) witnesses is clearly on the defendant seeking to subpoena them. *Terlikowski v. U.S.,* 379 F.2d 501 (8th Cir.), *cert. denied,* 389 U.S. 1008, 88 S.Ct. 569, 19 L.Ed.2d 604 (1967).

■■■ The standard on review is whether the trial court abused its discretion in the granting or denial of the motion. *U.S. v. Bernard,* 625 F.2d 854 (9th Cir.1980). The reviewing court should not reverse unless the exceptional circumstances of the case indicate that the defendant's right to a complete, adequate and fair trial is jeopardized. *Terlikowski v. U.S., supra; Reistroffer v. U.S., supra.*

In the instant case[4] Wyman sought to subpoena nine witnesses: (1) four "expert" lecturers, seminar leaders and writers on the subject of tax avoidance; (2) two fellow employees who failed to file tax returns; and (3) three government officials, the U.S. Attorney, the U.S. Magistrate, and the Director of the Internal Revenue Service for the District of Nebraska. The court held an ex parte hearing following Wyman's 17(b) application. The record reveals that the trial court questioned Wyman closely about the use of each witness in presenting his defense.

Wyman asserted that he had a good faith misunderstanding of the tax law and that he therefore lacked the willful intent required by 26 U.S.C. sections 7203 and 7205. The group one witnesses were people who had lectured, conducted seminars or written materials on how to avoid paying income taxes. Wyman had attended their lectures, read their books, and even consulted by telephone with one or two of them. Wyman claimed that these witnesses were necessary to establish his state of mind and misunderstanding of the law. The record shows that Wyman admitted at the Rule 17(b) hearing that none of these four wit-

---

**3.** We decline to adopt the narrower standard adopted in some circuits limiting the trial court's discretion in granting or denying Rule 17(b) motions. *See U.S. v. Sims,* 637 F.2d 625 (9th Cir.1980); *U.S. v. Hegwood,* 562 F.2d 946 (5th Cir.1977), *cert. denied,* 434 U.S. 1079, 98 S.Ct. 1274, 55 L.Ed.2d 787 (1978); *U.S. v. Barker,* 553 F.2d 1013 (6th Cir.1977); *Greenwell v. U.S.,* 317 F.2d 108 (D.C.Cir.1963).

**4.** Prior to trial, the district court granted defendant's motion pursuant to 28 U.S.C. section 1915(c) to have defense witnesses subpoenaed at government expense. The court entered a clarifying order stating that the initial order pertained only to costs of service. The court further stated that if defendant sought to have costs of travel and witness fees paid by the government, he must make the requisite showings under Rule 17(b).

nesses had direct knowledge of his state of mind at the time he committed the offenses. He argued, however, that he had been so influenced by these individuals and so overwhelmed by their opinions that he himself lacked the willfulness required by the statute.[5] He argued that the two fellow employees (group two) were necessary to show selective prosecution.[6] The third group for whom Wyman requested subpoenas were U.S. government officials. Wyman stated at the ex parte hearing that through these individuals he would prove that the government was a perpetrator of fraud after the fact. He claimed that these officials knew that he had been "duped" and "conned" by the four tax "experts", yet they continued to prosecute him.

The trial court held that Wyman had not met the burden of proving the necessity of each witness to an adequate defense. With respect to the group one ("expert") witnesses, the court stated:[7]

> (T)he testimony of particular witnesses that they wrote or said certain statements does not tend to prove or to disprove the defendant's own state of mind. *See Fed.R.Evid.* 401. It cannot be presumed that people believe and rely upon everything they read or hear. Thus, the statements of authors and commentators standing alone would not be probative of the defendant's personally-held beliefs....
>
> If the defendant does elect to testify as to what he heard and read and to his own beliefs as a result thereof, the books themselves and the testimony of their authors or those who conducted seminars would be, at best, cumulative and could be confusing to the jury.

Wyman did not establish that any of these witnesses had personal knowledge of his motive or intent. The trial court's reasoning is correct. There is no requirement that a defendant be allowed to subpoena witnesses at public expense where witnesses would only provide cumulative testimony. *U.S. v. Gilliss,* 645 F.2d 1269 (8th Cir.1981); *U.S. v. Gallagher,* 620 F.2d 797 (10th Cir.1980), *cert. denied,* 449 U.S. 878, 101 S.Ct. 224, 66 L.Ed.2d 100 (1981); *Feguer v. U.S.,* 302 F.2d 214 (8th Cir.), *cert. denied,* 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110 (1962).

In considering the second group of witnesses (fellow employees), the court had previously ruled that Wyman had failed to make a prima facie case of selective prosecution. To succeed on a claim of selective prosecution, a defendant has the burden of establishing that others similarly situated have not been prosecuted and that the allegedly discriminatory prosecution of the defendant was based on an impermissible motive. *U.S. v. Wilson,* 639 F.2d 500 (9th Cir.1981). Without an additional showing, the testimony of these two witnesses would not be relevant.

Finally, the court stated that in its opinion none of the group three (government officials) witnesses could provide any material evidence. Materiality of the evidence is a proper consideration under Rule 17(b). *U.S. v. Schultz,* 431 F.2d 907 (8th Cir.1970). "Rule 17(b) was not promulgated to afford an indigent defendant a right to subpoena witnesses at government expense whose testimony clearly would be lacking in materiality to the trial at hand." *Terlikow-*

---

**5.** It does not appear from the record that Wyman clearly understood the element of willfulness in connection with the Internal Revenue Code. "Willful" is generally held to mean a voluntary, intentional violation of a known legal duty. *U.S. v. Barney,* 674 F.2d 729 (8th Cir.), *cert. denied,* 457 U.S. 1139, 102 S.Ct. 2972, 73 L.Ed.2d 1359 (1982); *U.S. v. Karsky,* 610 F.2d 548 (8th Cir.1979), *cert. denied,* 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980); *U.S. v. Pohlman,* 522 F.2d 974 (8th Cir.1975) (*en banc*), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976).

**6.** According to the record, James Birkel and Herman Krepel were prosecuted in civil actions for failing to file tax returns. Wyman did not refer to any others similarly situated who had or had not been prosecuted. He made no attempt to show impermissible motive on the part of the government.

**7.** *U.S. v. Wyman,* Order, November 17, 1982.

ski v. U.S., 379 F.2d 501, 508 (8th Cir.), cert. denied, 389 U.S. 1008, 88 S.Ct. 569, 19 L.Ed.2d 604 (1967). It appears from the record that Wyman's theory of the relationship of these individuals to the group one witnesses is speculative at best. These witnesses were not necessary for Wyman to establish a good faith mistake and state of mind defense. Admittedly, Wyman faced the dilemma of whether or not to take the stand in his own behalf. He chose not to testify. Therefore, the government's evidence was uncontested at trial. The ruling of the trial court on the Rule 17(b) application, however, did not deprive Wyman of the opportunity to present a meaningful defense. We find no abuse of discretion here.

## II. Taxation of Costs Under 26 U.S.C. Section 7203 Against an Indigent Defendant.

Appellant asserts the position that the costs of prosecution in this case should not have been taxed against him because he was proceeding in forma pauperis. He argues that the taxation of costs against an indigent criminal defendant may discourage future indigent defendants from asserting their constitutional rights. Wyman states the proposition too broadly. In the instant case, we consider only those criminal defendants prosecuted and convicted pursuant to 26 U.S.C. section 7203. The statute sets out in part:

Any person ... (who willfully fails to file a return, supply information, or pay tax required by law) shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned more than one year, or both, *together with the costs of prosecution.* (emphasis supplied)

Initially, we must consider whether the statutory language of section 7203 is discretionary or mandatory. We adopt the rationale set out in *U.S. v. Chavez*, 627 F.2d 953 (9th Cir.1980), cert. denied, 450 U.S. 924, 101 S.Ct. 1376, 67 L.Ed.2d 353 (1981).

■ Under our interpretation of the statute, the trial court has discretion to impose either a fine or imprisonment or both but the trial court does not have discretion to fail to award costs. "The plain meaning of the statute is clear. The grammatical structure of the statute and the use of the word 'shall' compel the conclusion that the provision is mandatory." *Id.* at 954–955.

Wyman argues further that if the language of the statute is construed as mandatory, there will be a chilling effect on an indigent defendant's exercise of constitutional rights. We do not accept that argument. The *Chavez* court stated:

The Congress may have had any number of constitutionally permissible purposes in requiring that a defendant convicted of a willful failure to file a return pay the costs of prosecution. The legitimate governmental ends would include the recovery of expenditures to compensate the government and the imposition of additional punishment.... It must be emphasized that not every assertion that a statutory scheme has chilled the exercise of a constitutional right results in a finding of unconstitutionality. *Id.* at 956.

It is important to draw a distinction between those cases in which statutes were invalidated because they placed a penalty on the exercise of constitutional rights and statutes which do not necessarily subject a criminal defendant to greater punishment. *See e.g. Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1972) (An indigent's knowledge that he may be required to repay the costs of his legal services in no way affected his right to retain counsel).

In the instant case there exists only a possibility that costs will be assessed against a criminal defendant. "A defendant prosecuted for willful failure to file a tax return is not subject to a substantial risk of greater punishment because of the existence of the costs of prosecution provision." *Chavez, supra*, at 957.

Appellant bases his argument on two cases which indicate only that a problem of constitutional dimensions might arise if

costs were taxed against indigent criminal defendants. *U.S. v. American Theatre Corporation*, 526 F.2d 48 (8th Cir.1975), *cert. denied*, 430 U.S. 938, 97 S.Ct. 1569, 51 L.Ed.2d 786 (1977); *U.S. v. Glover*, 588 F.2d 876 (2nd Cir.1978). These cases are easily distinguished. Both *American Theatre* and *Glover* deal with taxation of costs under 28 U.S.C. section 1918(b), a discretionary statute. In both cases, defendants were exercising fundamental first amendment rights. Aside from the right to assistance of counsel, there is no concomitant right being exercised by Wyman in this case. There is no constitutional right to willfully fail to file tax returns.

 The taxation of costs under 26 U.S.C. section 7203 serves a legitimate governmental purpose. Further, we believe that a defendant who files in forma pauperis for the purpose of trial should not necessarily be made judgment proof under this statute.

In accordance with this opinion, the decisions of the trial court are affirmed.