**UNITED STATES of America, Appellee,**

v.

**Alfred Herman LeAMOUS, Appellant.**

**No. 84–1833.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1984.

Decided Feb. 14, 1985.

Rehearing Denied March 14, 1985.

John A. Schlimgen, Sioux Falls, S.D., for appellant.

Philip N. Hogen, U.S. Atty., Sioux Falls, S.D., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BRIGHT, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

The defendant, Alfred LeAmous, appeals from a jury verdict finding him guilty of transporting a minor across state lines for the purpose of prostitution, in violation of 18 U.S.C. § 2423 (1982).[1] We affirm.

## I. Facts

At trial, the government's complaining witness was a fourteen year old girl. It was undisputed that the defendant had taken the complainant over state lines. The only issue at trial was whether the defendant had taken the girl across state lines for the purpose of prostitution. The defendant and the complainant gave conflicting accounts of their relationship, as well as of events which occurred during their relationship. Essentially, the complainant's testimony characterized the defendant as a "pimp" who had involved her in prostitution. The defendant's characterization of himself was as that of a friend to young girls, trying to protect them from getting involved in prostitution by finding other employment for them, i.e., dancing at topless restaurants.

During trial, the district court:[2] denied the defendant the opportunity to question the complainant regarding her sexual relationship with the defendant; denied the defendant's motion to issue a writ of *habeas corpus ad testificandum* for Kenneth Manning who, allegedly, would have rebutted the testimony of a government witness; and allowed the government to introduce rebuttal evidence regarding statements the defendant had made on cross-examination. The defendant was sentenced to ten years imprisonment.

## II. Issues

The complainant testified that the defendant had helped her obtain a job as a topless dancer in a South Dakota restaurant, and drove her from Minneapolis to South Dakota so that she could begin work. She also testified that the defendant told her to make money via prostitution if she

---

**1.** 18 U.S.C. § 2423 (1982) provides in pertinent part:

"Any person who transports * * * any minor in interstate or foreign commerce * * * with the intent—

(1) that such minor shall engage in prostitution * * *

shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

**2.** The Honorable John B. Jones, United States District Court for the District of South Dakota.

did not make sufficient tips by dancing. The complainant testified that one night after work she left the restaurant with a man, spent the night with him, and returned the next morning to the motel where she and the defendant had been staying. Upon her return, according to the testimony, the defendant became angry with her for giving "freebies," beat her, forced her to perform oral sex, and threatened her in order to prevent her from acting in a similar manner in the future. The complainant also testified as to occasions where she had engaged in prostitution and turned her proceeds over to the defendant.

Upon cross-examination the defendant asked the complainant, on four separate occasions, whether she had had sexual intercourse with the defendant. The court allowed two of these questions and the complainant's affirmative answers to them to stand, but sustained the government's objections on grounds of relevancy and materiality to the other two questions. On an occasion before trial, the complainant had stated that she had had sexual intercourse with the defendant four times within a six day period. The defendant wanted the complainant to repeat this statement at trial and then introduce testimony from his physician which would have reflected on the defendant's ability to engage in sex that frequently, due to organic impotence. In short, the defendant wanted to impeach the complainant's testimony. The defendant argues that the trial court erred by sustaining the government's objections. We disagree.

▮▮▮ It is well settled that the admissibility of evidence, as well as rulings governing cross-examination, lie within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. *United States v. Reed,* 724 F.2d 677, 679 (8th Cir.1984); *United States v. Clifford,* 640 F.2d 150, 152–53 (8th Cir.1981). The frequency with which the defendant

and the complainant had sex, if at all, is not relevant to the issue of whether the defendant brought the complainant over state lines for the purpose of prostitution. Thus, contrary to his assertion, even if the defendant could have impeached complainant's testimony in this regard, it would not have pulled the "linchpin" out of the complainant's allegations. *See* McCormick, *Law of Evidence,* § 47 at 111–12 (E. Cleary 3d ed. 1984). Likewise, whether the defendant was organically impotent was not relevant to the issue of whether he had brought the complainant over state lines for the purpose of prostitution.

Even if arguably relevant, however, we cannot say that the district court abused its discretion. The testimony the defendant wanted to introduce would have reflected on his ability to have sexual intercourse frequently. This has little to do with his forcing the complainant to perform oral sex on him. Nor, given the other evidence introduced at trial, can we say that the defendant was prejudiced by this ruling. Even if the rulings could be characterized as errors, the errors were harmless. *See* Fed.R.Crim.P. 52(a).

The defendant argues next that the district court committed error by refusing to issue a writ of *habeas corpus ad testificandum* for Kenneth Manning, pursuant to Fed.R.Crim.P. 17(b).[3] Further, the defendant contends that he made "numerous" motions to the court to issue the writ for Manning, but the court refused each motion. The defendant wanted to produce Manning as a rebuttal witness to the testimony of Debra Howard, a government witness. Howard testified that the defendant and Manning, her boyfriend, had instructed her on the ins and outs of prostitution, and that both had driven her over state lines for the purpose of prostitution. The defendant testified that he had driven Howard over state lines, but had done so only to take her to a dancing engagement. The

---

3. Rule 17(b) provides in pertinent part:
 The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a satisfactory showing that * * * the presence of the witness is necessary to an adequate defense.

defendant claims that Manning's testimony would have contradicted Howard's testimony, and corroborated his.

 Compulsory process under Rule 17(b) is not an absolute right but, like many other trial decisions, is a matter committed to the sound discretion of the trial court. *United States v. Wyman,* 724 F.2d 684, 686 (8th Cir.1984); *United States v. DeCoteau,* 648 F.2d 1191, 1192 (8th Cir.1981), *quoting, United States v. Gilliss,* 645 F.2d 1269, 1279 (8th Cir.1981). Thus, the standard of review is whether the district court abused its discretion, and a reviewing court should not reverse "unless the exceptional circumstances of the case indicate that the defendant's right to a complete, adequate and fair trial is jeopardized." *Wyman,* 724 F.2d at 686. The burden of demonstrating the need for Rule 17(b) witnesses is on the party seeking their production. *Id.*

 There is nothing in the designated record to indicate that the defendant made a showing to the district court that the presence of Manning was necessary for an adequate defense, as the Rule requires. *See* Fed.R.Crim.P. 17(b). All that appears in the record is one motion alleging that Manning is a material and necessary witness without whom the defendant could not proceed safely to trial. Mere allegations of materiality and necessity are not sufficient to establish that a witness is necessary to an adequate defense. On this record we are unable to say that the trial court abused its discretion by denying the motion for the writ.

We note also that another government witness, the complainant's older sister, testified that the defendant followed the same pattern when involving her in prostitution as Howard had described. The defendant does not contend that Manning's testimony would have contradicted this other witness' testimony. Thus, we are unable to say that the circumstances of this case "indicate that the defendant's right to a complete, adequate and fair trial" was jeopardized. *See Wyman,* 724 F.2d at 686.

Finally, the defendant argues that the district court erred by allowing the government to produce witnesses to rebut statements which the defendant made on cross-examination. On direct examination the defendant testified that, within the last four or five years, he had adopted a disapproving view of prostitution. He characterized himself as a friend to young girls; as one who helped them to pursue dancing as an alternative to prostitution. On cross-examination the defendant testified that he did not know anyone by the name of "Harold" who lived in a certain neighborhood in Minneapolis, nor did he know any dancers with the name "Lamarr." The government then produced two witnesses, one of whom testified that, within the last four or five years, the defendant had given her the pseudonym "Lamarr" to be used in the course of a dancing/prostitution engagement he had arranged for her. The other witness testified that, again within the last four or five years, the defendant had acted as her pimp in a business transaction between herself and a man named "Harold." We think the district court correctly ruled that this testimony was admissible.

 A defendant's statements, made in response to proper cross-examination reasonably suggested by the defendant's direct examination, are subject to proper impeachment by the government. *United States v. Leon,* —— U.S. ——, ——, 104 S.Ct. 3405, 3414–15, 82 L.Ed.2d 677 (1984), *quoting United States v. Havens,* 446 U.S. 620, 627–28, 100 S.Ct. 1912, 1916–17, 64 L.Ed.2d 559 (1980). By painting a picture of himself, on direct examination, as a protector of young girls who encouraged alternatives to prostitution, the defendant invited cross-examination concerning particular instances of his conduct to the contrary during the relevant time frame. *See United States v. McClintic,* 570 F.2d 685, 691 (8th Cir.1978). Failing to elicit the truth on cross-examination, it was within the government's right to produce evidence in rebuttal, which directly contradicted the defendant's characterization of himself. *Havens,* 446 U.S. at 626–27, 100 S.Ct. at 1916–17.

In sum, we find no error in the district court's rulings challenged by the defendant. Accordingly, the defendant's conviction is affirmed.