

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 27, 1989

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas    78774

Opinion No. JM-1124

Re: Effect of amendments
to statutes that allow a
driver to defer disposi-
tion of punishment pending
successful completion of a
defensive driving course
(RQ-1815)

Dear Mr. Bullock:

You ask about the effect of an amendment to section 143A of article 6701d, V.T.C.S., by Senate Bill 1204 of the 71st Legislature. Section 143A permits a court to defer disposition of punishment for driving offenses pending successful completion of a defensive driving course. You also direct our attention to Senate Bill 1085 of the 71st Legislature because of its provision relating to the payment of court costs. You advise us that your concern with Senate Bill 1085 is limited solely to the effect it may have on costs in a section 143A proceeding.

Section 143A of article 6701d, V.T.C.S., as amended by Senate Bill 1204, Acts 1989, 71st Leg., ch. 1105, § 2, at 4579, effective September 1, 1989, provides in pertinent part:

> (a) When a person is charged with a mis-demeanor offense under this Act, other than a violation of Section 51, committed while operating a motor vehicle, the defendant shall be advised of his right to successfully complete a driving safety course and the court:
>
> > (1) in its discretion may defer pro-ceedings and allow the person 90 days to present evidence that, subsequent to the alleged act, the person has successfully completed a driving safety course approved by the Texas Department of Public Safety

or other driving safety course approved by the court; or

(2) shall defer proceedings and allow the person 90 days to present a department-approved certificate of course completion as written evidence that, subsequent to the alleged act, the person has successfully completed a driving safety course approved by the Texas Department of Public Safety or another driving safety course approved by the court, if:

(A) on or before the answer date on the citation the person enters a plea in person or in writing of No Contest or Guilty and presents to the court an oral request or a written request, in person or by mail postmarked on or before the answer date on the citation, to take a course;

(B) the court enters judgment on the person's plea of No Contest or Guilty at the time the plea is made but defers imposition of the judgment for 90 days;

(C) the person has a valid Texas driver's license or permit;

(D) [(e)] the person's driving record as maintained by the Texas Department of Public Safety does not indicate successful completion of a driving safety course under this subdivision within the two years immediately preceding the date of the alleged offense;

(E) [(B)] the person files an affidavit with the court stating that the person is not in the process of taking a course under this subdivision and has not completed a course under this subdivision that is not yet reflected on the person's driving record; and

(F) [(B)] the offense charged is for an offense covered by this section other than speeding 25 miles per hour or more over the posted speed limit at the place where the alleged offense occurred.

(b) When the person complies with the provisions of Subsection (a) of this section and a certificate of course completion approved by the department is accepted by the court, the court shall remove the judgment and dismiss the charge, but the court may only dismiss one charge for completion of each course.

When a charge is dismissed under this section, the charge may not be part of the person's driving record or used for any purpose, but the court shall report the fact that a person has successfully completed a driving safety course and the date of completion to the Texas Department of Public Safety for inclusion in the person's driving record. The court shall note in its report whether the course was taken under the procedure provided by Subdivision (2) of Subsection (a) of this section for the purpose of providing information necessary to determine eligibility to take a subsequent course under that subdivision. An insurer delivering or issuing for delivery a motor vehicle insurance policy in this state may not cancel or increase the premium charged the insured under the policy merely because of an offense dismissed under this section or because the insured completed a driving safety course under this section. (Emphasis indicates changes and additions made by Senate Bill 1204.)

Senate Bill 1085, Acts 1989, 71st Leg., ch. 347, §§ 2, 6, 9, 10, at 1316, effective October 1, 1989, amends article 102.051 of the Code of Criminal Procedure, section 415.082 of the Government Code, section 1C of the Texas Motor Vehicle Safety-Responsibility Act (article 6701h, V.T.C.S.), and section 14 of the Crime Victims Compensation Act (article 8309-1, V.T.C.S.). Each of these statutes provides for payment of court costs upon conviction of the defendant. The amendments by Senate Bill 1085 provide in all of the

foregoing statutes that a person is considered to have been convicted in a case if a sentence is imposed, the defendant receives probation or deferred adjudication, or the court defers final disposition of the case.

Article 102.051 of the Code of Criminal Procedure provides that a defendant convicted of a misdemeanor punishable by a fine, not to exceed $200, shall pay as cost of court $5. In the event the conviction is for a misdemeanor punishable by a fine exceeding $200, the defendant shall pay court costs of $10. Pedestrian and parking offenses are excepted from these costs. Municipal and county treasurers may retain 10 percent of the costs. Id. art. 102.054. The comptroller of public accounts deposits the funds received by him in a special fund to be known as the criminal justice planning fund. Id. art. 102.055.

In light of the amendments resulting from Senate Bill 1204 and Senate Bill 1085, you ask the following questions:

> 1. Whether these amendments in S.B. No. 1085 and S.B. No. 1204 can be reconciled with Texas Attorney General Opinion No. JM-917 or whether they also are unconstitutional since they purport to punish someone as if they were finally convicted without regard to whether they are ultimately convicted of an offense?

> 2. Are court costs due at the time the judgment is entered as Article 6701d, Sec. 143A, as amended by S.B. No. 1204 requires?

> 3. Whether the administrative cost authorized in Article 6701d can be reconciled with Texas Attorney General Opinion No. JM-917?

Attorney General Opinion JM-917 (1988) addressed the constitutionality of section 1C(e) of article 6701h, V.T.C.S. That statute permitted courts to charge a ten dollar fee before dismissing a criminal charge for failure to maintain proof of financial responsibility, when the charge was based solely on failure to produce suitable documentary proof of financial responsibility when requested by a police officer and when adequate proof could be produced at a subsequent hearing. It was noted that while proof of financial responsibility must be furnished to an officer who requests it, failure to furnish the evidence is

not a crime. The operator was in effect paying a fee for dismissal of a charge based on a violation that is non-existent, i.e., failure to have in his possession proof of financial responsibility. It was concluded that a criminal defendant innocent of a charge may not be required to pay a fee in order to have a charge dismissed.

Subsection (a) of section 143A, article 6701d, affords the court an option after advising the defendant of his right to complete a driving safety course. Under subsection (a)(1) the court is given the discretion to defer proceedings for 90 days without the necessity of a plea being entered by the defendant or entry of judgment. Nor is there any requirement that the defendant make application for deferral to complete a driving course.

Under subsection (a)(2), the court defers proceedings for 90 days upon the defendant's oral or written request to take a driving safety course. The request must be submitted at or before the time the defendant enters a plea of guilty or no contest, and the court enters judgment on the plea. In addition the defendant must satisfy the requirements of subsections (2)(C), (D), (E), and (F). We assume that the judgment reflects a conviction for the offense since a plea of guilty (without the necessity of supporting evidence) is sufficient to support a conviction in a misdemeanor offense. Code Crim. Proc. art. 27.14(a). A plea of guilty and waiver of jury in a misdemeanor case for which the maximum punishment is by fine only may be made by mail to the court and will support a conviction. Id. 27.14(b); see Attorney General Opinion JM-876 (1988).

Unlike the procedure denounced in Attorney General Opinion JM-971, we presume the charged violation in your scenario has the underpinning of an existing offense.

The procedure followed under V.T.C.S. article 6701d, section 143A(a)(2), appears to be a form of probation. The defendant enters a plea of guilty or no contest and judgment is entered thereon.[1] Imposition of judgment is deferred only upon application of the defendant. Removal of judgment

---

1. In deferred adjudication proceedings the court defers further proceedings following the plea and does not enter an adjudication of guilt. See Attorney General Opinion JM-377 (1985).

and dismissal of the charge results upon proof of the defendant's successful completion of the driving course.

In <u>Lopez v. State</u>, 709 S.W.2d 744 (Tex. App. - San Antonio 1986, pet. ref'd), the court rejected the defendant's claimed violations of due process and equal protection of the law resulting from a statutory requirement (article 42.12B, section 6b(c) of the Code of Criminal Procedure) that he serve 120 days in prison as a condition of probation on a conviction for involuntary manslaughter by reason of intoxication. Probation in <u>Lopez</u> had been granted under article 42.12 of the Code of Criminal Procedure. Section 3d(c) of article 42.12 provides that upon successful completion of the terms of probation, the court dismisses the charge and discharges the defendant. Following dismissal of the charge the defendant is not deemed to have been convicted of an offense.

Attorney General Opinion JM-898 (1988) addressed the matter of a justice of the peace requiring community service under article 45.54 of the Code of Criminal Procedure. Article 45.54 provides that upon conviction of a defendant of a misdemeanor (other than a violation under 6701d) punishable by fine only, the justice may suspend the imposition of the fine and defer final disposition of the case for a period not to exceed 180 days. In Attorney General Opinion JM-898, it was concluded that the defendant may be required to perform reasonable community service as a condition of deferral under section (2)(d) of article 45.54, authorizing the justice to defer disposition of the defendant's case on compliance with reasonable conditions other than payment of the fine. At the conclusion of the deferral period, the justice has authority under the provisions of article 45.54 to dismiss the complaint.

The fact that a defendant under subsection (a)(2) of section 143A of article 6701d may be required to successfully complete a driving course (pursuant to his application) and pay court costs upon entry of judgment following his plea does not in our opinion render these statutory requirements unconstitutional because the judgment may ultimately be removed and the cause dismissed.

The more difficult question arises under subsection (a)(1) where the court is given the discretion of deferring proceedings for 90 days without the necessity of the defendant entering a plea, a judgment being entered, or the defendant making application for deferral in order to take a driving course. A statutory prerequisite to the assessment of costs in question is the conviction of the defendant.

Under Senate Bill 1085 the defendant is considered to have been convicted in a case if "(1) a sentence is imposed; (2) the defendant receives probation or deferred adjudication; or (3) <u>the court defers final disposition of the case</u>." Acts 1989, 71st Leg., ch. 347, § 2, at 1317 (emphasis added).

Under Senate Bill 1085 a person may be considered convicted where the "court defers final disposition of the case." <u>Id.</u> If applied to subsection (a)(1) of section 143A of article 6701d, the result would be that a judgment reflecting guilt of the defendant would be entered without the defendant having received any semblance of a trial. Instead, under subsection (a)(1) the court merely defers proceedings to allow the defendant time to complete a driving safety course. No plea is required nor is there any adjudication of guilt or entry of judgment. We believe that to allow court costs to be assessed upon the basis of a statutory assumption of guilt of a defendant under these circumstances is to deprive the defendant of property without due process of law. Such a procedure allows a conviction to be entered against a defendant without having afforded the defendant his constitutional right to a trial.

In your second question you ask if court costs are due at the time judgment is entered in a section 143A, article 6701d, proceeding. Our treatment of your first question reflects that imposition of court costs predicated on a conviction without a plea or judgment is unconstitutional under subsection (a)(1). In Attorney General Opinion JM-526 (1986), it was concluded that court costs are due at the time the judgment of conviction is entered in an article 45.54 proceeding rather than at the end of the deferral period when the complaint may be dismissed. <u>Id.</u> at 5; <u>see</u> Attorney General Opinion JM-905 (1988). We conclude that under a subsection (a)(2) proceeding court costs are due at the time "the court enters judgment on the person's plea of No Contest or Guilty . . . ." V.T.C.S. art. 6701d, § 143A(a)(1)(B) (as amended by Senate Bill 1204, Acts 1989, 71st Leg., ch. 1105, § 2, at 4579).

In your final question you ask whether the administrative costs authorized in article 6701d may be reconciled with Attorney General Opinion JM-917 (1988). Subsection (c) of section 143A of article 6701d provides "[t]he court may require the person requesting a driving safety course to pay a fee set by the court at an amount that does not exceed $10 including any special fees authorized by statute or municipal ordinance to cover the cost of administering this section." Funds collected are deposited in the municipal

treasury if the trial is in municipal court and in the county treasury if trial is in the justice court. <u>Id.</u>

Attorney General Opinion JM-441 (1986) concluded that section 143A, article 6701d, did not allow the assessment of an administrative fee against the defendant or against the providers of driving courses without statutory authorization. The opinion stated "[i]t is well-established that a fee may not be charged unless the fee is provided for by law." <u>Id.</u> at 1. The legislature appears to have responded to Attorney General Opinion JM-441 by amending the statute in Senate Bill 515, Acts 1987, 70th Leg., ch. 1059, § 1, at 3591, effective September 1, 1987, by providing for the fee set forth in subsection (c) for the costs of administering this section. The question of the constitutionality of the administrative fee was neither raised nor addressed in Attorney General Opinion JM-441.

The distinction between a subsection (a)(2) procedure and the one denounced in Attorney General Opinion JM-917 has been discussed in your first question. We conclude that the statutorily imposed fee for administering a section 143A procedure is an appropriate cost under the form of probation granted pursuant to subsection (a)(2).[2]

As heretofore noted no plea is made by the defendant nor is there any adjudication of guilt under subsection (a)(1). Whether the amount assessed is denominated as "court cost" or "administrative fee," it is a governmentally imposed cost incident to the filing of a charged violation of the law. In Attorney General Opinion JM-880 (1988), at 3, it was stated:

> In Texas, costs in misdemeanor criminal cases are assessed as part of the punishment. <u>Ex parte Carson</u>, 159 S.W.2d 126 (Tex. Crim. App. 1942); <u>Ex parte Mann</u>, 46 S.W. 828 (Tex. Crim. App. 1898). <u>See also</u> Attorney General Opinion JM-443 (1986). <u>Cf.</u> <u>United States v. Palmer</u>, 809 .F.2d 1504 (11th Cir. 1987)

--------

2. Without knowing what other "special fees authorized by statute or municipal ordinance" may be authorized to cover costs of this section, we are unable to pass judgment on the constitutionality of this provision in subsection (c).

(holding imposition of costs as punishment to be constitutional).

Since the defendant in a subsection (a)(1) proceeding has never been adjudicated to be guilty of any offense, we conclude that the imposition of administrative costs against the defendant in such a procedure possesses the same constitutional infirmities found in Attorney General Opinion JM-917.

## S U M M A R Y

Senate Bill 1204 and Senate Bill 1085 of the 71st Legislature are not violative of any constitutional provision in permitting costs to be assessed against a defendant in a subsection (a)(2), section 143A, article 6701d, V.T.C.S., proceeding that permits the court to defer imposition of judgment pending successful completion of a defensive driving course. The assessment of court costs in a subsection (a)(1), section 143A, article 6701d, V.T.C.S., proceeding where the defendant is adjudged to be guilty without having entered a plea to the charge or the court having made an adjudication of guilt deprives a defendant of due process of law and his constitutional right to a trial. Court costs are due at the time of entry of judgment following the defendant's plea and entry of judgment in a subsection (a)(2) proceeding. A fee not to exceed $10 authorized by subsection (c) of section 143A, article 6701d, V.T.C.S., is not violative of any constitutional provision in a subsection (a)(2) proceeding. The imposition of such fee in a subsection (a)(1) proceeding is unconstitutional.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General