39 F.3d 1185
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Gilbert C. YOUNG, Appellant.
 No. 94-2077.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 12, 1994.
Filed: Oct. 21, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gilbert C. Young, a Native American, timely appeals his conviction and sentence on three counts of sexually abusing his nine-year-old daughter. We affirm.
 
 
 2
 Following a two-day trial, a jury found Young guilty of three counts: aggravated sexual abuse of a minor under twelve, in violation of 18 U.S.C. Sec. 2241(c); abusive sexual contact, in violation of 18 U.S.C. Sec. 2244(a)(1); and incest, in violation of 18 U.S.C. Sec. 1153. The District Court[1] sentenced Young to 235 months imprisonment and five years supervised release.
 
 
 3
 On appeal, Young argues that the District Court erred in not finding that the prosecutor violated Young's equal protection rights by removing a juror. We review a trial court's ruling on a Batson issue as a finding of fact, granting the ruling great deference and reversing only if clear error exists. United States v. Moore, 895 F.2d 484, 485 (8th Cir. 1990). We conclude the District Court did not err in accepting the prosecutor's explanation that he challenged the prospective juror not because of her race but only because she had sat on two prior juries, one of which had returned a verdict of acquittal.
 
 
 4
 Young also argues that the District Court erred in denying his motion to strike the victim's comments, not made in response to any question, that she hated defense counsel and her father and that her father knew what had happened. "It is well settled that the admissibility of evidence, as well as rulings governing cross- examination, lie within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion." United States v. LeAmous, 754 F.2d 795, 797 (8th Cir.), cert. denied, 471 U.S. 1139 (1985). Although unfortunate, the victim's outburst merely underlined what was obvious from her testimony on direct examination, i.e., that she had strong negative feelings toward her father. Thus, we cannot conclude that the District Court abused its discretion in denying the motion to strike.
 
 
 5
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota